**UNITED STATES of America,
Appellee,**

v.

**Anthony D. MENNA, Appellant.**

**No. 71-2045.**

United States Court of Appeals,
Ninth Circuit.

Nov. 11, 1971.

Certiorari Denied Feb. 28, 1972.
See 92 S.Ct. 1170.

Norman R. Atkins, Beverly Hills, Cal., for appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY, DUNIWAY and TRASK, Circuit Judges.

HAMLEY, Circuit Judge:

A federal grand jury indicted Anthony D. Menna on four counts charging, respectively, that on four occasions in 1969 and 1970, Menna acquired firearms by making false statements likely to deceive a licensed dealer, in violation of 18 U.S.C. § 922(a) (6). After a jury trial, Menna was found not guilty on counts one and two. The jury deadlocked on count four and that count was dismissed. He was convicted on count three and sentenced to a term of imprisonment of one year and one day. This appeal followed.

In count three, the grand jury charged that, on December 19, 1969, in connection with the purchase of a Marlin .30–30 caliber rifle, serial number 69–6132Z, from a licensed dealer in firearms, Menna had willfully and knowingly made a false and fictitious statement, likely to deceive the dealer with respect to a material fact as to the lawfulness of the sale pursuant to Chapter 44, Title 18, United States Code. According to count three, this statement consisted of his certification on Form 4473, "Firearms Transaction Record," that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, knowing in fact that he had been convicted of such a felony. It was established at the trial that, on June 14, 1961, Menna had been convicted in Ohio of burglary and malicious entry and that he had served a sentence of one year and six days at the Ohio Reformatory as a result of that conviction.

At the close of the evidence defendant moved, on various grounds, for judgment of acquittal. The motion was denied. On appeal, defendant renews two of the grounds urged in the district court for judgment of acquittal. The first of these is that there is no substantial evidence that defendant knowingly and willfully made the admittedly false statement on Form 4473.

In purchasing the rifle on December 19, 1969, Menna dealt with Timothy A. Payne, who was a salesman at a White Front store, a dealer licensed under 18 U.S.C. § 923. Payne testified that before selling the gun to Menna he pointed out, and asked defendant to read, the following paragraph in Form No. 4027:

> "I certify that: 1. I am neither under indictment for, nor have I been convicted of a crime punishable by imprisonment for a term exceeding one year. * * *"

Payne could not actually recall this particular transaction but based his statement as to how he had proceeded in reference to this sale on what he usually did in most instances of sales of firearms. Payne further stated that he did not recall having ever deviated from that practice.

Menna took the witness stand and denied that he had read the form and testified that, when he signed it, he was not in any way familiar with the quoted statement contained therein. His explanation for not reading the form was that, on a prior occasion, while shopping for a rifle, he was asked to sign a certification (old Form No. 4727), which stated only " * * * I am not prohibited by Title 18 U.S.C. * * * from receiving a firearm." Defendant said he did not know whether the cited statute prohibited him from receiving a gun. He recalled, however, that earlier that year a lawyer and a police officer had informed him that he could receive rifles, but not hand guns, under state statute, his felony conviction notwithstanding. The attorney so testified at the trial.

On the basis of this advice, defendant testified, he had concluded that no statute prohibited his receiving a rifle, and had signed old Form 4027. He assumed that the form handed to him by Payne at the time of the December 19, 1969 transaction was the same as the earlier form, and so signed it without reading it. However, Donald L. Grossmeyer, a special investigator for the Alcohol, Tobacco and Firearms Division, U.S. Treasury Department, who arrested Menna on July 24, 1970, testified that Menna told him immediately after the arrest that he had read Form 4473, but did not read anything in it that would stop him from buying the firearm.

■ Considering the evidence in the light most favorable to the Government (Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)), and bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts (United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969)), we hold that the trial

court did not err in rejecting this ground for a judgment of acquittal. The jury was not compelled to accept defendant's testimony that he did not read Form 4473, and his explanation for such failure. *See* Hiram v. United States, 354 F.2d 4, 6 (9th Cir. 1965). In view of the evidence the jury could find, beyond a reasonable doubt, that defendant's attention was specifically called to the critical paragraph of that form, and could infer therefrom that defendant read it before signing the form.

Defendant also contends that the trial court should have granted the motion for judgment of acquittal because the Government failed to prove that the gun in question moved in interstate commerce. Defendant points out that 18 U. S.C. § 922(a) (6) makes it unlawful knowingly to make a false statement to a licensed dealer only with respect to a "material" fact. He argues that it is necessary to look to section 922(h) to see what facts are material, and this subsection makes it unlawful to receive a firearm under certain conditions, if it has been shipped or transported in interstate commerce.

■ The Government did not prove that the firearm in question was shipped or transported in interstate commerce. But this was not required. Section 922(h) is not involved in this prosecution. Under 18 U.S.C. § 922(d) (1), it is unlawful for a licensed dealer to sell or otherwise dispose of any firearm to any person knowing or having reasonable cause to believe that such person has been convicted of a crime punishable by imprisonment for a term exceeding one year. There is no requirement that such firearm be one which has moved in interstate commerce. The fact of Menna's prior conviction was material in view of section 922(d) (1). Congress intended to reach wholly intrastate transactions under the Firearms Act on the theory that such transactions affect interstate commerce. *See* section 901 of Public Law 90–351, U.S.Code Cong. and Adm.News, 90th Cong., 2d Sess., p. 270 (1968).

The jury retired to deliberate at approximately noon on February 17, 1971. No verdict had been reached by six p. m. The jury advised the court that they could not reach an agreement and that they were then "divided 10/2." The court then excused the jury for the night, and permitted the members to return to their homes. The court did not disclose to counsel, however, until the next day, that the jury was divided ten to two.

■ Defendant argues that it is impermissible to allow a jury to separate and return to their homes overnight over the objection of counsel, after submission of a felony case, and had counsel for defendant known of the ten to two split he would most likely have refused to permit the jury to separate.

In urging that such a jury may not be excused and allowed to return to their homes over the objection of defendant, counsel cites United States v. D'Antonio, 342 F.2d 667 (7th Cir. 1965). In Sullivan v. United States, 414 F.2d 714, 715 (9th Cir. 1969), we expressly disapproved this Seventh Circuit holding, indicating preference for the rule announced in Hines v. United States, 365 F.2d 649, 651 (10th Cir. 1966), that the trial court has full discretion in such matters. Moreover, we perceive no cogent reason why knowledge that there was a ten to two split in the jury on the evening of February 17, 1971 would have been of material assistance to counsel in deciding whether to object to the separation of the jury for the night.

■ Defendant argues that the verdict of guilty on count three is impermissibly inconsistent with the verdicts of acquittal on counts one and two. Without reaching the question of whether an inconsistency would have invalidated the conviction on count three, we hold that there was no inconsistency. Each of the counts involved different transactions and different witnesses.

Defendant complains of the colloquys the trial court had with members of the jury in open court concerning the jury's

initial view that it could not reach a verdict. We have examined these instances and find that the court handled the problem in a discreet and judicious manner and that it is unlikely that defendant was prejudiced by what occurred. It is uncertain whether defendant complains of the modified "Allen" instruction which was given. But in any event we hold that it was entirely compatible with the "Allen" instructions approved by this court in United States v. Handy, 451 F.2d 579 (9th Cir. Oct. 20, 1971); Sullivan v. United States, 414 F.2d 714 (9th Cir. 1969); and Dearinger v. United States, 378 F.2d 346 (9th Cir. 1967).

Affirmed.