**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**William NELSON, Defendant-Appellant.**

No. 71-3030
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 16, 1972.

Rehearing and Rehearing En Banc Denied April 19, 1972.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Charles F. Miller, Jr. (Court appointed), Augusta, Ga., for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., B. C. Baxter, Jr., Henry L. Whisenhunt, Jr., Asst. U. S. Attys., Augusta, Ga., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted of violating 18 U.S.C.A. § 922(a) (6) which provides:

(a) It shall be unlawful—(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

The "false written statement" made by appellant was that he had never been convicted of or indicted for a crime punishable by a term of more than one year. This fact is "material to the lawfulness

of the sale" of a firearm under 18 U.S. C.A. § 922(d) (1):

> (d) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

At trial appellant admitted that he was a convicted felon and that he was also under indictment for a felony at the time he filled out the required Firearms Transaction Record (Form 4473, United States Department of the Treasury) in connection with the purchase of a pistol from a licensed dealer. The conviction and indictment were for offenses punishable by imprisonment for a term of more than one year. Appellant's only defense was that his false statement on the form was not made knowingly. The jury rejected this contention.

We are presented two points on appeal. The first is that the trial court's charge to the jury was defective. This argument is meritless. The second is that the Government failed to allege and prove a nexus between appellant's false statement to the gun dealer and interstate commerce as required by United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), a case decided subsequent to appellant's trial. We believe Bass is distinguishable and affirm.

Bass involved 18 U.S.C.A.App. § 1202 (a)(1), which provides:

> (a) Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not

more than $10,000 or imprisoned for not more than two years, or both.

Bass was a convicted felon found in possession of a firearm. The Court of Appeals for the Second Circuit concluded that the "in commerce or affecting commerce" language of § 1202(a) (1) modifies "possesses" as well as "transports." It thus reversed Bass' conviction, since the Government had not alleged or proved any connection between his possession and interstate commerce. The court's decision was grounded in part on grammatical construction and in part on its belief that federal regulation of mere possession without some nexus with interstate commerce might be unconstitutional.

The Supreme Court affirmed, but for "substantially different reasons." Bass, supra, at 518. The Court leaned toward the Second Circuit's grammatical analysis of comma placement but based its decision primarily on two other considerations. First, that the statute is ambiguous. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." Bass at 522. Secondly, that if the statute is read to punish "mere possession" without proof of some relation with interstate commerce it comes close to infringing on an area of law enforcement traditionally left to the states and arguably beyond the reach of federal power. In this situation, courts should be careful not to extend federal authority absent a clear statement of Congressional intent. Such a statement was absent. In 18 U.S.C.A.App. § 1201 Congress set out what the Court interpreted to be a declaration of the extent of Congress' power in the area of gun control under the Commerce Clause. The Court did not believe, however, that § 1201 necessarily indicated Congress' intent to exercise the full extent of its power in § 1202(a) (1). The Court thus left open the question of "whether, upon appropriate findings, Congress can constitutionally punish the 'mere possession' of firearms;" Bass, at 518, n. 4.

The instant case differs from *Bass* in several respects. First, appellant was convicted under 18 U.S.C.A. § 922(a) (6), *supra,* which, in contrast with § 1202(a) (1) that was at issue in *Bass,* contains no language referring to interstate commerce. The statute is thus not ambiguous on its face, unlike § 1202(a) (1). Secondly, § 922 is part of Title IV of the Omnibus Crime Control and Safe Streets Act of 1968. The legislative history of this Title is fairly extensive and convinces us that Congress intended to reach appellant's conduct irrespective of its immediate nexus with commerce. The statutory provision facing the Supreme Court in *Bass* is part of Title VII of the same act. The legislative history of Title VII is, as noted by the Court in *Bass,* virtually nonexistent. The Court was, therefore, left with only minimal legislative guidance. Thirdly, the Congressional Declaration of Purpose set out in § 901 of the Omnibus Crime Act clearly indicates Congress' purpose to regulate the acquisition of firearms by felons without regard to the nexus of each individual acquisition with interstate commerce. § 901 provides in part:

> (3) that only through adequate Federal control over interstate and foreign commerce in these weapons, *and* over *all* persons engaging in the businesses of importing, manufacturing, or dealing in them, can this grave problem be properly dealt with, and effective State and local regulation of this traffic be made possible; (emphasis added).

■ It seems clear from the language of 922(a) (6), from its legislative history, and from the declaration of Congressional purpose that Congress meant to regulate all sales of the types of firearms covered by the Omnibus Crime Act, not just those sales in which the Government can prove some specific connection with interstate commerce. The only question remaining is whether Congress had the power to act as it did.

■■ Congress may undoubtedly impose criminal sanctions on conduct that is ostensibly intrastate. Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971) (loan-sharking). We believe that the acquisition of firearms by convicted felons and persons under indictment for felonies, although arguably intrastate activity, imposes a sufficient burden upon interstate commerce to be a proper subject for federal regulation. *See* U.S.Code Cong. and Admin.News 1968, pp. 2163–2166. If Congress is to effectively prevent the interstate use of guns for illegal purposes it must control their sources: manufacturers, dealers, and importers. That is what it sought to do in § 922.

■ In summary, the Supreme Court might have ruled differently in *Bass* if it had been faced with an unambiguous statute and a clear indication of Congressional intent to punish possession of a firearm by a felon. Absent these conditions, the Court chose to leave the question open. *Bass* at 518, n. 4. In contrast to the situation in *Bass,* in the case before us we have a clear statement of Congress' intent and an unambiguous statute. Moreover, we believe that acquisition of firearms is more closely related to interstate commerce than mere possession. Therefore, while the Supreme Court in *Bass* impliedly expressed some reservations about Congress' power to regulate possession of firearms, we entertain no doubt that it has the power to regulate their acquisition without requiring proof of a nexus with interstate commerce in each individual case.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.