**UNITED STATES of America, Appellee,**

v.

**Herbert Harris HUDSON, Jr., Appellant.**

**No. 72–1101.**

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1972.

Decided May 22, 1972.

---

William A. Talley, Jr., Palmyra, Va. (Court-appointed counsel) for appellant.

Birg E. Sergent, Asst. U. S. Atty. (Leigh B. Hanes, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

Defendant, who pleaded guilty to the making of a false statement in connection with the purchase of a firearm in violation of 18 U.S.C.A. § 922(a) (6), attacks his conviction on the ground that the indictment did not allege that the sale occurred in interstate commerce. It appears, however, from the informal proofs offered in connection with the plea and sentencing that the firearm was manufactured in a state other than the one in which it was sold. Defendant was sentenced under the Federal Youth Correction Act, 18 U.S.C.A. §§ 5005 et seq., as made applicable to him by 18 U.S.C.A. § 4209. He attacks his sentence on the ground that the district court made no formal finding that there were reasonable grounds to believe that

defendant will benefit from the treatment provided under the Act.

 We find no merit in defendant's first contention. We agree with and follow the holdings in United States v. Crandall, 453 F.2d 1216 (1 Cir. 1972); United States v. Nelson, 458 F.2d 556 (5 Cir. 1972); and United States v. Menna, 451 F.2d 982 (9 Cir. 1971), all of which conclude that there need be no allegation that the firearm moved in interstate commerce in an indictment charging a violation of 18 U.S.C.A. § 922(a) (6). United States v. Bass, 404 U.S. 326, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), does not require a different conclusion.

If we assume that 18 U.S.C.A. § 4209 requires the finding urged by defendant, we think that it was sufficiently made to enable him to be sentenced under the Act.

Affirmed.