**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joshua Daily ROUSE, Defendant-Appellant.**

**No. 71-3503**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 8, 1972.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F.2d 409.

tion with the acquisition of a firearm from a dealer, in violation of 18 U.S.C. §§ 922(a) (6) and 924, and, under Count Two, of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. (App.) § 1202(a).

As to Count Two, the government confesses error for failure to prove a nexus between the firearm in question and interstate commerce. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). The confession of error is accepted, and the conviction under Count Two will be reversed.

The claim that the trial judge unduly participated in the examination of witnesses and demonstrated bias toward the defendant is without merit. The question of whether the shotgun purchased by defendant was sufficiently operable or convertible to constitute a firearm was for the jury, and the court properly charged on that issue. The sentences under the two counts were concurrent, therefore, the conviction under Count One is to be affirmed.

Affirmed as to Count One, reversed as to Count Two.

J. Calvin Clay, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant was convicted under Count One, charging that he wilfully and knowingly made a false statement in connec-