**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin Steven GARNER, Defendant-Appellant.**

**No. 71–1626.**

United States Court of Appeals,
Seventh Circuit.

Argued May 16, 1972.

Decided July 27, 1972.

John O. Moss, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., and Thomas L. Bose, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY and CASTLE, Senior Circuit Judges and FAIRCHILD, Circuit Judge.

DUFFY, Senior Circuit Judge.

Defendant Garner was convicted at a bench trial on two counts of a three-count indictment for alleged violation of 18 U.S.C. §§ 922(a) (6) and 924(a). The Government claimed that in connection with the acquisition of firearms from a licensed dealer, defendant made false statements to two licensed dealers to the effect he was not prohibited from

receiving such firearms yet knowing that previously thereto he had been convicted of a felony.

Witness Mildred Elston, an employee of a licensed gunstore [Sacks Brothers] in Indianapolis, Indiana, testified that on November 10, 1969, defendant purchased a .38 caliber revolver from the store where she was employed as a clerk.[1] She testified that before defendant signed the request forms for federal, state and local gun control, she read aloud to him the warnings and restrictions contained therein, and that she witnessed the defendant sign the forms.[2] Defendant's alleged representations on this occasion (that he was not precluded by federal statute from purchasing a firearm) were the basis for Count I of the indictment.

Carl Stultz, a licensed dealer in firearms, testified that on January 24, 1970, defendant purchased a .25 caliber pistol after he (Stultz) had asked the defendant if there was any reason stemming from trouble with the police which might render him ineligible for purchasing the gun; further, that defendant replied in the negative and signed the registration form. This transaction was the basis of Count III of the indictment.

The record discloses that defendant had been convicted of a felony (robbery) on June 5, 1969, but was given a suspended sentence. This particular offense was punishable under Indiana law with a sentence of not less than one and not more then ten years.

Defendant Garner testified at trial that he was unaware of the statutory prohibition of convicted felons purchasing firearms, and that upon purchase he did not knowingly make false statements to the dealers. Furthermore, he assert-

1. Apparently, defendant paid $20 down on the price of the revolver, but it was the policy of Sacks Brothers to delay delivery until state and local firearm registration forms were processed. The revolver was delivered to defendant at a later date.

2. The request form signed by defendant Garner for the revolver purchased from

Sacks Brothers was standard Treasury Department Form No. 4473 which included the following in print immediately before the line for his signature:
"I certify that: (1) I am neither under any indictment for, nor have I been convicted of, a crime punishable by imprisonment for a term exceeding one year; . . . ."

ed that neither of the dealers, Sacks Brothers and their agent Elston, or Stultz, informed him that convicted felons were precluded from purchasing firearms. This testimony failed to persuade the trial court as the finder of fact.

■ Defendant argues on appeal that the record does not support a finding of wilfully and knowingly making a false statement intending to deceive the dealers. Therefore, he asserts, the Court erred in its finding. In view of the evidence presented at trial, we believe the finder of fact was justified in finding beyond a reasonable doubt that Garner had been alerted to the statutory prohibition. See United States v. Menna, 451 F.2d 982 (9 Cir., 1971), cert. den. 405 U.S. 963, 92 S.Ct. 1170, 31 L.Ed.2d 238.

■ The principal issue raised by defendant is whether, in a prosecution for a violation of 18 U.S.C. § 922(a) (6), the Government must allege and prove a transaction in interstate commerce. Defendant relies on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

However, the case at bar is easily distinguished from *Bass, supra,* in several respects. (1) Defendant herein was convicted under 18 U.S.C. § 922(a) (6) which, in contrast to the contested statute in *Bass* (18 U.S.C. App. § 1202(a) (1) ), contains no reference or language relating to interstate commerce. (2) The Congressional intent included in § 901 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 901 et seq. indicates that the purpose of the Act was to regulate the acquisition of firearms by felons without regard to the nexus of each acquisition with interstate commerce, and (3) *Bass* was concerned with Title VII of the Act whereas the offense herein charged involves Title IV of the Act. The legislative history of Title VII is scant and, as noted by the Supreme Court in *Bass,* the legislation was an afterthought in need of court interpretation. Such is not the

case with Title IV for which the legislative history is extensive and explicit.

After reviewing the cases which have discussed the necessity of alleging and proving interstate commerce in an illegal firearms transaction under § 922(a) (6), we conclude that a nexus with interstate commerce need not be alleged and proven in each case. A recent Fifth Circuit case, United States v. Nelson, 458 F.2d 556 (5 Cir., 1972) makes this quite clear at page 559:

"... In contrast to the situation in *Bass,* in the case before us we have a clear statement of Congress' intent and an unambiguous statute. Moreover, we believe that acquisition of firearms is more closely related to interstate commerce than mere possession. Therefore, while the Supreme Court in *Bass* impliedly expressed some reservations about Congress' power to regulate possession of firearms, we entertain no doubt that it has the power to regulate their acquisition without requiring proof of a nexus of interstate commerce in each individual case."

See also—United States v. Menna, *supra.*

Furthermore, the First Circuit has considered a constitutional challenge to § 922(a) (6) in United States v. Crandall, 453 F.2d 1216 (1 Cir., 1972). The Court held in *Crandall, supra,* that notwithstanding the fact that Sec. 922(a) (6) did not contain the requirement that the transaction be in interstate commerce, the omission of such a requirement does not render the statute unconstitutional.

Another question defendant raises on appeal concerns the sufficiency of proof that the transactions were made with licensed dealers. Defendant asserts that the Government failed to establish that Sacks Brothers and Stultz were licensed dealers as contemplated by the statute.

It is true that the Government's proof that Sacks Brothers was a licensed dealer in firearms at the time of the transaction with defendant was not as clear

as the proof offered as to Carl Stultz. However, we think the testimony of witness Mildred Elston was sufficient. In fact, the transcript reveals that she had a copy of the Sacks Brothers' license in her hand while she was testifying.

We are of the opinion that sufficient evidence was presented at trial with respect to the licenses of Sacks Brothers and Stultz so that the trier of fact could conclude beyond a reasonable doubt that both Sacks Brothers and Stultz were licensed dealers at the time of the respective illegal transactions.

Defendant also argues the record of the trial fails to establish that he had been convicted of a felony punishable by over one year's imprisonment. Yet, the Government's Exhibit No. 1 introduced at trial was a certified copy of the June 5, 1969 judgment of the Marion County, Indiana, Criminal Court finding defendant Garner guilty of robbery and sentencing him to a term of one to ten years, and costs. Therefore, we believe the inclusion of this judgment in the record is sufficient proof of a prior felony conviction.

■ The record on this appeal contains substituted copies of the Government's six exhibits which were received during the trial of this case. However, the record does not contain the original or copies of defendant's fourteen exhibits, and by reason thereof, defendant claims error because of the apparent loss of these exhibits by the courts and the failure to make them part of the record for appeal.

For some reason not explained, the exhibits of both parties were lost somewhere or somehow in the District Court Clerk's office. Apparently most, if not all, of the missing exhibits were based on public records. The Government obtained copies which are now in the record, but there is no evidence that defendant attempted to obtain like copies to substitute for the originals of his exhibits. Also, there was no showing that any of such exhibits are relevant to any of the issues which are raised on this appeal. The trial court referred to these exhibits as being records concerning state police matters.

We hold there was no reversible error in the failure to have defendant's exhibits in the record under the circumstances hereinbefore stated. There was no showing in the appellate briefs or at oral argument how the omission of these exhibits would prejudice defendant on appeal. Furthermore, there was no allegation by the defendant that the exhibits were impossible to replace.

For the reasons hereinbefore discussed, the judgment of the District Court is

Affirmed.