**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Arthur E. O'NEILL, Defendant-Appellee.**

**No. 885, Docket 72–1380.**

United States Court of Appeals
Second Circuit.

Argued Aug. 16, 1972.

Decided Sept. 21, 1972.

Alfred R. Tyminski, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty., N. D. New York, Syracuse, N. Y., of counsel), for plaintiff-appellant.

Moses L. Goldbas, Utica, N. Y. (Goldbas & Goldbas, Utica, N. Y., of counsel), for defendant-appellee.

Before MANSFIELD and TIMBERS, Circuit Judges, and GURFEIN, District Judge.*

MANSFIELD, Circuit Judge.

This appeal by the Government from the dismissal of an indictment charging a violation of the gun control provisions of the Omnibus Crime Control and Safe Streets Act of 1968 raises a straightforward legal question: Must the Government allege and prove a nexus with interstate commerce in order to charge a violation of §§ 922(a)(6) and 924(a)[1] of that Act? The district court concluded that it did. We disagree and reverse.

The one-count indictment, which alleges that on October 1, 1970, the defendant O'Neill, in acquiring a firearm from a licensed dealer, falsely certified that he was not under indictment for a crime punishable by imprisonment for a term of one year, tracks the language of § 922 (a)(6), in which no reference is made to commerce. Relying on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed. 2d 488 (1971), the district court concluded that the indictment was "insufficient on its face in that it doesn't allege this transaction in any way affecting [sic] Interstate Commerce or indeed, the dealer who sold it was engaged in Interstate Commerce, or that the certificate was required to be kept by a dealer in Interstate Commerce." United States v. O'Neill, No. 72–1380 (N.D.N.Y. March 20, 1972).

As we recently pointed out in United States v. Ruisi, 460 F.2d 153, 155 (2d Cir. 1972), the statute under consideration in *Bass*, 18 U.S.C. App. § 1202(a) (1970), contained the phrase "in commerce or affecting commerce" and the issue before the Court was whether those words modified other conduct described in that statute. In the absence of any significant legislative history the Court resolved the ambiguity in favor of the defendant. The statute in the present case, however, differs significantly from that before the Court in *Bass*. Section

---

\* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 922(a) provides:
   "It shall be unlawful—
   \*      \*      \*      \*      \*
   "(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter." 18 U.S.C. § 922(a) (1968).
   Section 924(a) provides:
   "Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000 or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine." 18 U.S.C. § 924(a) (1968).

922(a)(6) contains no reference to commerce. Furthermore, its legislative history reveals that Congress intended to regulate certain aspects of intrastate dealings in firearms because of their effect on interstate commerce. The legislative history repeatedly states that § 922 "makes it clear that a license is required for an intrastate business as well as an interstate business," S.Rep.No.1097, 90th Cong., 2d Sess. (1968), cited in U.S. Code Cong. & Admin.News, pp. 2112, 2202 (Vol. 2, 1968); H.R.Rep.No. 1577, 90th Cong., 2d Sess. (1968), cited in U.S. Code Cong. & Admin.News, pp. 4410, 4418 (Vol. 3, 1968).

That Congress has the power to regulate local or intrastate activities which might have a harmful effect upon interstate commerce is well settled. Heart of Atlanta Motel, Inc., v. United States, 379 U.S. 241, 258, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) (civil rights); Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964) (civil rights); Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971) (loan-sharking). The necessity for such broad federal regulation of firearms traffic arose from the failure of some states to enact effective gun control laws thereby enabling convicted felons to purchase lethal weapons which might then be used to commit crimes of violence in other parts of the United States. Accordingly we conclude that § 922(a)(6) represents a valid exercise of Congressional power and that the indictment suffices without having to plead or prove that the alleged conduct was connected with commerce.[2] United States v. Ruisi, *supra*; United States v. Crandall, 453 F.2d 1216, 1217–1218 (1st Cir. 1972); United States v. Menna, 451 F.2d 982, 984 (9th Cir. 1971), cert. denied, 405 U.S. 963, 92 S.Ct. 1170, 31 L. Ed.2d 238 (1972); United States v. Nel-

son, 458 F.2d 556 (5th Cir. 1972); United States v. Sullivan, 459 F.2d 993 (8th Cir. 1972).

The order is reversed, and the indictment is reinstated.

---

**2.** Defendant's suggestion that §§ 922(a)(6) and 924(a) should be declared unconstitutional on the ground that they violate the Fifth Amendment rights of those under indictment for felonies borders on the frivolous. Although such persons are presumed innocent until convicted, the Government has a legitimate and compelling interest in not permitting them to purchase guns unless and until they are acquitted.