**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Samuel E. NICHOLS, Defendant-Appellee.**

**No. 72–1756**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1972.

Rehearing Denied Sept. 29, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

William S. Sessions, U. S. Atty., James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellant.

Roy C. Brock (Court-Appointed), House, Mercer, House & Brock, Jack Paul Leon, San Antonio, Tex., for defendant-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The Government appeals from the dismissal by the District Court of an indictment against defendant who was charged with knowingly making a false statement (specifically, that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year) in connection with the acquisition of a firearm from a licensed dealer in firearms, in violation of 18 U.S.C. § 922(a)(6).[1]

The sole question on appeal is whether under the statute referred to it is necessary that the Government allege and prove a connection between interstate commerce and the defendant in order to obtain a conviction. We reaffirm our prior holding in United States v. Nelson, 5 Cir., 1972, 458 F.2d 556, that such an allegation or proof is unnecessary. See also United States v. Laisure, 5 Cir., 1972, 460 F.2d 709; United States v. Lebman, 5 Cir., 1972, 464 F.2d 68 [June 2, 1972]; United States v. Nix, 5 Cir., 1972, 465 F.2d 90 [August 1, 1972].

The District Court declined to follow our holding in *Nelson*, in which the identical issue now before us was decided, being of the opinion that United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1972), was controlling. We expressly rejected this conclusion in *Nelson* and clearly distinguished the holding in *Bass* which deals with 18 U.S.C. App. § 1202[2], a statute with which we are not here concerned.

Reversed and remanded.

---

1. 18 U.S.C. § 922 reads in pertinent part as follows:

   "(a) It shall be unlawful—

   . . . . .

   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter." As amended October 22, 1968.

2. 18 U.S.C. § 1202(a)(1), the pertinent part of the statute involved in Bass, provides:

   "(a) Any person who—

   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

   . . . . .

   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." As amended October 22, 1968.