**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Phillip Marcel GREEN, Defendant-Appellee.**

**No. 72–1528.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1972.

Decided Dec. 20, 1972.

John O. Olson, U. S. Atty., James Mack, James M. Bablitch, Asst. U. S. Attys., Madison, Wis., for plaintiff-appellant.

Richard B. Surges, Milwaukee, Wis., for defendant-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and MORGAN,* District Judge.

CASTLE, Senior Circuit Judge.

Defendant-appellee Phillip Marcel Green was indicted on February 10, 1971 for making a false statement to a licensed firearms dealer with respect to a material fact concerning the lawfulness of the sale of a firearm to him, in violation of 18 U.S.C. § 922(a)(6) (1970). The district court granted the defendant's motion to dismiss the indictment because it failed to allege that the firearm purchased by Green had been shipped in interstate or foreign com-

merce. The government appeals this dismissal.

The indictment charged that on or about October 21, 1970 Green purchased a semi-automatic pistol after he denied that he had ever been convicted of a felony. It alleged that Green, in filling out a firearm transaction record, originally answered affirmatively to the question asking whether he had been convicted of a felony, but that he changed his answer when he was told that convicted felons could not purchase firearms. After he convinced the dealer that he had not been convicted and that charges against him had actually been dropped, he was allowed to purchase the pistol. In fact, Green had previously been convicted of a felony in the State of Wisconsin.

The district court held that an indictment charging an offense under 18 U.S. C. § 922(a)(6) must allege that the person who made the misstatement acquired a firearm which had been shipped in interstate or foreign commerce. Noting that § 922(a)(6) makes it unlawful for any person to make "any false or fictitious oral or written statement . . . intended or likely to deceive . . . (a licensed firearm dealer) . . . with respect to any fact material to the lawfulness of the sale . . . ", the court found that the lawfulness of the sale to Green was governed by 18 U.S.C. § 922(h)(4), which forbids convicted felons from receiving any firearm "which has been shipped or transported in interstate commerce." Therefore, the court concluded, Green's purchase would be unlawful only if the pistol had been shipped in interstate commerce, and his misstatement about his criminal record would be "material to the lawfulness of the sale" only under this circumstance.

We reject the reasoning of the district court and hold that the indictment against Green did not have to allege that the pistol was shipped in interstate commerce. It has been repeatedly established that in prosecutions under §

---

* Chief Judge Robert D. Morgan of the United States District Court for the Southern District of Illinois is sitting by designation.

922(a)(6) the government need not allege nor prove at trial that the firearm in question passed through interstate commerce. United States v. Garner, 465 F.2d 265 (7th Cir. 1972); United States v. Hudson, 460 F.2d 1262, 1263 (4th Cir. 1972); United States v. Laisure, 460 F.2d 709, 711 (5th Cir. 1972); United States v. Nelson, 458 F.2d 556, 559 (5th Cir. 1972); United States v. Menna, 451 F.2d 982, 984 (9th Cir. 1971), cert. denied, 405 U.S. 963, 92 S.Ct. 1170, 31 L. Ed.2d 238 (1972). *See,* United States v. Crandall, 453 F.2d 1216, 1217 (1st Cir. 1972). Such an allegation or evidence is unnecessary in this case because the lawfulness of Green's purchase of the pistol was governed not only by § 922(h)(1) (which forbids convicted felons from purchasing firearms which have been transported in interstate commerce), but also by § 922(d)(1), which prohibits any licensed dealer from selling any firearm to any person whom he knows or has reason to believe is under indictment for or has been convicted of a felony. This latter subsection contains no language limiting its application to firearms transported in interstate commerce, and, when juxtaposed with other subsections containing such language, indicates a clear congressional intent that interstate transportation need not be alleged nor proven. If Mr. Green had told the truth about his criminal record to the licensed dealer from whom he purchased the firearm, the dealer's sale to him would have been unlawful. Consequently, if Green actually did deny that he was a convicted felon, his denial would have been material to the lawfulness of the sale to him and would have constituted a clear violation of § 922(a)(6).

Defendant Green has argued on appeal that there is ambiguity concerning the ambit of § 922(a)(6) and that United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), requires that any ambiguity be resolved in favor of a narrow reading of the statute. We find *Bass* inapplicable, for §§ 922(a)(6) and 922(d)(1) are clear and unambiguous expressions of Congress' intent that no connection with interstate commerce need be shown to establish a violation of law. *See,* 18 U.S.C. § 901 (1970).

We reverse the dismissal of the indictment and remand this case to the district court for further proceedings pursuant to the valid indictment which the grand jury has returned.

Reversed.