**UNITED STATES of America**

**v.**

**Paul James LETKY.**

**Crim. No. 73–331.**

United States District Court,
W. D. Pennsylvania.

Feb. 28, 1974.

James Villinova, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

M. A. DellaVecchia, Pittsburgh, Pa., for defendant.

## OPINION AND DECREE

SNYDER, District Judge.

The Defendant, Paul James Letky, was charged in a two count Indictment with violations of 18 U.S.C. § 922(a)(6) [1] and 18 U.S.C. Appendix § 120(a)(1). [2] In Count One, the Defendant was charged with making a false and fictitious statement in a firearms transaction, i. e. that he had not been convicted of a crime punishable by a term exceeding one year. In Count Two, the Defendant was charged with wilfully and knowingly receiving and possessing a Universal Semi-Automatic Carbine which had been transported in interstate commerce. This case came before the Court for Non-Jury Trial on February 4, 1974. The following will constitute Findings of Fact and Conclusions of Law in compliance with Rule 23(c) of the Federal Rules of Criminal Procedure.

## FINDINGS OF FACT

1. A .30 caliber semi-automatic carbine, serial number 124029 was manufactured by Universal Hialeagh of Miami, Florida. Universal shipped this firearm to Firearms Unlimited, Pittsburgh, Pennsylvania on April 3, 1968. Firearms Unlimited sold this firearm to West Hills Sport Shop, Coraopolis,

Pennsylvania on April 5, 1968; West Hills Sport Shop sold the firearm to Frank Gausheman of Pittsburgh, Pennsylvania on April 16, 1968. Jones Swap Shop acquired the firearm from Gausheman and sold the weapon to Paul James Letky, 236 Churchill Street, McKees Rocks, Pennsylvania on December 3, 1971.

2. On May 18, 1972, the firearm in question was transferred from Letky to John Edelen.

3. When purchasing the firearm on December 3, 1971, Paul Letky signed the Firearms Transaction Record and answered Section 8(b) in the negative. Section 8(b) is as follows:

"Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge *could have* given a sentence of more than one year.) 'No' "

4. The Defendant, Paul Letky, had been convicted of burglary in 1965 and with possession of burglary tools in 1967. The 1965 burglary conviction was a crime punishable by a term of imprisonment exceeding one year.

5. From all the testimony and evidence offered at the Non-Jury Trial, this Court finds that the Defendant, with the required specific intent, falsely answered Section 8(b) of the Firearms Transaction Record (Govt. Form 4473) in regard to the transfer of a semi-auto-

---

1. 18 U.S.C. § 922 provides: *"Unlawful Acts.*
   (a) It shall be unlawful—
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."

2. 18 U.S.C. Appendix § 1202 provides: *"Receipt, possession, or transportation of firearms—Persons liable; penalties for violations.*
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,
   \* \* \* \* \*
   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearms shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

matic carbine, serial number 124029, from Jones Swap Shop to Paul Letky, the Defendant here.

6. The gun as offered in evidence clearly showed that it was sufficiently operable to constitute a firearm within the definition as set forth in 18 U.S.C. Appendix § 1202(c)(3).

7. The prosecution offered no proof that Jones Swap Shop was a licensed dealer as required by 18 U.S.C. § 922(a)(6).

## DISCUSSION

The evidence was undisputed that the Defendant read the questions and signed the answers on Form 4473, Firearms Transaction Record, including Section 8(b) that he was not convicted of a crime punishable by a term of imprisonment exceeding one year. The Defendant acknowledged that he had read the questions and that he was in fact convicted, but he testified that he thought Section 8(b) was only meant to apply to him if he "had been in prison for over a year." In fact, he had been in prison for only six months. He further testified that he thought when he was "discharged" that this removed all stigma from his conviction and "restored all my civil rights." He even stated he thought about whether he might be qualified to buy a gun and discussed it with a friend, John Edelen, Jr., by telephone. Edelen was the person for whom the Defendant purchased the gun.

While proof of knowingly making a false statement is necessarily circumstantial, we believe that the evidence in this case shows proof beyond a reasonable doubt, and that the Defendant's statements were knowingly false although he testified that he misunderstood them. There may have been a great deal of difficulty in proving that a false statement had been "knowingly" made in the purchase of a firearm under the original version of Form 4473. In the original form the buyer's signature was at one place on the form and he was referred to another place on the form for the listing of persons prohibited from purchasing firearms. The revised form has largely eliminated the difficulty. United States v. Garcia, 479 F.2d 322 (5th Cir. 1973); Cody v. United States, 460 F.2d 34 (8th Cir. 1972); United States v. Squires, 440 F.2d 859, at page 865 and footnote 10 at page 864 (2nd Cir. 1971).

■ As to Count One, since Paul James Letky had in fact been convicted of burglary on March 10, 1967, a crime punishable by a term of imprisonment exceeding one year, and it was shown beyond a reasonable doubt that his answer on the Form 4473 was knowingly false, it was then not necessary under Section 922(a)(6) to show a nexus with interstate commerce. United States v. Colicchio, 470 F.2d 977 (4th Cir. 1972); United States v. Nichols, 466 F.2d 998 (5th Cir. 1972); United States v. Garner, 465 F.2d 265 (7th Cir. 1972).

In the latter case, Senior Circuit Judge Duffy stated as follows (at p. 267):

"The principal issue raised by defendant is whether, in a prosecution for a violation of 18 U.S.C. § 922(a)(6), the Government must allege and prove a transaction in interstate commerce. Defendant relies on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

However, the case at bar is easily distinguished from *Bass, supra,* in several respects. (1) Defendant herein was convicted under 18 U.S.C. § 922(a)(6) which, in contrast to the contested statute in *Bass* (18 U.S.C. App. § 1202(a)(1) ), contains no reference or language relating to interstate commerce. (2) The Congressional intent included in § 901 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 901 et seq. indicates that the purpose of the Act was to regulate the acquisition of firearms by felons without regard to the nexus of each acquisition with interstate commerce, and (3) *Bass* was concerned with Title VII of the Act

whereas the offense herein charged involves Title IV of the Act. The legislative history of Title VII is scant and, as noted by the Supreme Court in *Bass,* the legislation was an afterthought in need of court interpretation. Such is not the case with Title IV for which the legislative history is extensive and explicit.

After reviewing the cases which have discussed the necessity of alleging and proving interstate commerce in an illegal firearms transaction under § 922(a)(6), we conclude that a nexus with interstate commerce need not be alleged and proven in each case. A recent Fifth Circuit case, United States v. Nelson, 458 F.2d 556 (5 Cir., 1972) makes this quite clear at page 559:

> '. . . In contrast to the situation in *Bass,* in the case before us we have a clear statement of Congress' intent and an unambiguous statute. Moreover, we believe that acquisition of firearms is more closely related to interstate commerce than mere possession. Therefore, while the Supreme Court in *Bass* impliedly expressed some reservations about Congress' power to regulate possession of firearms, we entertain no doubt that it has the power to regulate their acquisition without requiring proof of a nexus of interstate commerce in each individual case.'

See also—United States v. Menna, supra, 451 F.2d 982 (9 Cir. 1971).

Furthermore, the First Circuit has considered a constitutional challenge to § 922(a)(6) in United States v. Crandall, 453 F.2d 1216 (1 Cir. 1972). The Court held in *Crandall, supra,* that notwithstanding the fact that Sec. 922(a)(6) did not contain the requirement that the transaction be in interstate commerce, the omission of such a requirement does not render the statute unconstitutional.".

(Emphasis supplied).

18 U.S.C. § 922(a)(6) required the Government to prove that the purchase was made "from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector." After reviewing the entire testimony and exhibits produced at the trial, it is apparent that the Government has failed to do this. The testimony of both the Treasury Agent and Mrs. Jones does not contain any statement that Jones Swap Shop is a licensed gun dealer. Mrs. Jones testified that Jones Swap Shop deals in guns, ammunition, fishing and hunting equipment, and antiques. She stated that the store handled both new and used goods. There is no evidence on the record that Jones Swap Shop is a licensed dealer as required by 18 U.S.C. § 922(a)(6).

As the Seventh Circuit held in United States v. Jordan, 454 F.2d 323 (7th Cir. 1971) at p. 325:

> "Another reason why the conviction of defendant cannot be affirmed is that there was no evidence that Joseph Dooley, from whom the defendant had acquired the firearm, was a licensed dealer within the meaning of Section 922(a)(6) of Title 18. Therefore, a material or 'essential element' of the offense for which defendant was convicted was at no time introduced into evidence or in any manner proven by the Government. On this failure of proof alone the conviction fails."

Therefore, Count One of the Indictment is dismissed for the failure of the United States to prove an essential element of the crime charged.

As to Count Two there is a somewhat different situation involved, for under § 1202(a)(1) Appendix it is clear that the conviction can not stand unless there is a nexus with interstate commerce. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). The Defendant here is charged with receiving, and there was clear evidence that he did receive the firearm. Further, the evidence was unrebutted that the semi-automatic carbine was

manufactured by Universal Hialeagh of Miami, Florida, and that Universal shipped the subject firearm to Firearms Unlimited in Pittsburgh, Pennsylvania on April 3, 1968; that Firearms Unlimited sold the subject firearm to Westhill Sport Shop in Coraopolis, Pennsylvania on April 5, 1968; that Westhill Sport Shop, in turn, sold the firearm to a Frank Gausheman in Pittsburgh on April 16, 1968; and that Jones Swap Shop acquired the firearm from Gausheman and sold the weapon to Paul James Letky on December 3, 1971. The Defendant was arrested on September 27, 1973. Thus, the showing was that the firearm had not been in interstate commerce for more than three years prior to the sale, and more than five years prior to the Indictment.

In *Bass, supra,* Justice Marshall had this to say concerning interstate commerce (404 U.S. 336, 350, 92 S.Ct. 515, 524, 30 L.Ed.2d 488, 498):

> "Having concluded that the commerce requirement in § 1202(a) must be read as part of the 'possesses' and 'receives' offenses, we add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce. This is not the narrowest possible reading of the statute, but canons of clear statement and strict construction do 'not mean that every criminal statute must be given the narrowest possible meaning in complete disregard of the purpose of the legislature.' United States v. Bramblett, 348 U.S. 503, 510, 75 S.Ct. 504, [508] 99 L.Ed. 594, [600] (1955). We have resolved the basic uncertainty about the statute in favor of the narrow reading, concluding that 'in commerce or affecting commerce' is part of the offense of possessing or receiving a firearm. But, given the evils that prompted the statute and the basic legislative purpose of restricting the firearm-related activity of convicted felons, the readings we give to the commerce requirement, although not all narrow, are appropriate. And consistent with our regard for the sensitive relation between federal and state criminal jurisdiction, our reading preserves as an element of all the offenses a requirement suited to federal criminal jurisdiction alone." (Emphasis supplied).

While the nexus in the instant case is somewhat delayed, it is exactly the kind of proof that the Supreme Court outlined as being sufficient with respect to Section 1202(a). See also United States v. Giannoni, 472 F.2d 136 (8th Cir. 1973); United States v. Mancino, 474 F.2d 1240 (8th Cir. 1973); United States v. Giannoni, 472 F.2d 136 (9th Cir. 1973), cert. denied 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396; United States v. Brown, 472 F.2d 1181 (6th Cir. 1973). In *Giannoni,* the Ninth Circuit held that a nexus of thirteen years was sufficient to justify a charge under 18 U.S.C. Appendix § 1202. The Court held that: "Where neither the Congress nor the Court has drawn a line as to time, we find no reason to do so."

The question of whether a shotgun purchased by a defendant was operable or convertible to constitute a firearm within the meaning of this section prohibiting making a false statement in connection with the acquisition of such firearm from a dealer is a question for the finder of fact. United States v. Rouse, 462 F.2d 126 (5th Cir. 1972). Furthermore, we think that the gun, as offered in evidence, clearly showed that it was sufficiently operable or converti-

ble to constitute a firearm within the meaning of both counts of the Indictment. United States v. Pleasant, 469 F.2d 1121 (8th Cir. 1972).

The Defendant is adjudged guilty of Count Two of the Indictment for all of the aforementioned reasons.

An appropriate order will be entered.