**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Lee LAISURE, Sr., Defendant-
Appellant.**

**No. 71-3156.**

United States Court of Appeals,
Fifth Circuit.

May 26, 1972.

Minor L. Morgan, Dallas, Tex. (Court Appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Harry H. Ellis, Asst. Regional Counsel, I. R. S., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

This appeal presents a single narrow question for our decision. For purposes of Title 18, Section 922(a) (6), United States Code,[1] does an "acquisition" take place when the owner of a firearm redeems the weapon from a pawnbroker with whom it had previously been pledged as security for a loan? We hold that such a redemption does not constitute an "acquisition" and therefore reverse Donald Lee Laisure, Sr.'s conviction of a violation of Section 922(a) (6).

On June 28, 1968, Donald Lee Laisure Sr., pled guilty to a charge of credit card forgery, a felony under Texas law, in the District Court of Collin County, Texas, and was given five years probation. The appellant, on March 23, 1971, pawned three firearms with Rocky's Pawn Shop, 2018 Elm Street, Dallas, Texas: a Model 49, .22 calibre Marlin rifle with scope; a Model 12 Magnum 12-gauge Browning automatic shotgun, and a Model 336 .35 calibre Marlin rifle with scope. An additional firearm, a Model RG38 calibre .38 special Rohm re-

volver, was later pawned by Laisure with Rocky's Pawn Shop on May 5, 1971.

Laisure appeared at the pawn shop on May 12, 1971, for the purpose of redeeming his pledged weapons. At the request of an owner of the pawn shop, Isaac Goldstein (a firearms dealer licensed by the United States Government), appellant completed four separate Department of the Treasury Forms 4473, Firearms Transaction Record, one for each firearm to be redeemed. Among other questions, the appellant was required to give a written answer, with respect to each firearm, to the following:

"Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year.) "[2]

Above the signature block provided for the appellant, the following printed statement appeared on each form:

"I hereby certify that the answers to the above are true and correct. I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal law from purchasing and/or possessing a firearm. I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification

---

1. Title 18, U.S.C., § 922(a) (6):
   "It shall be unlawful—for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."

2. This question appears to be related to Title 18, U.S.C., § 922(d) (1), which provides:
   "(d) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—
   (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . "

with respect to this transaction is a crime punishable as a felony."

Thereafter a federal grand jury indicted the appellant on four counts of violations of Section 922(a) (6), charging that the appellant on May 12, 1971, had knowingly answered the above-quoted question in the negative on each Form 4473 and that each such answer was false in light of the disposition of the state charges on June 28, 1968. Laisure was tried to a jury which on October 5, 1971, found the appellant not guilty as to Counts 1 and 4 involving the two Marlin rifles, and guilty as to Count 3, involving the Rohm revolver. On the motion of the United States, on October 28, 1971, the district court dismissed Count 2 of the indictment which dealt with the Browning automatic shotgun. The appellant was sentenced to a three year imprisonment term under Count 3. Timely appeal was taken to this Court. We reverse and render.

Two of the many assignments of error presented to this Court by the appellant require discussion. Both questions were raised by Rule 12 (F.R.Crim.P.). Motions to Dismiss the indictment were decided adversely to appellant and were thus preserved for appellate review.

First, the appellant contends that a conviction under Section 922(a) (6) is not valid in the absence of allegation and proof of the interstate character of the firearm "acquired" by the defendant and that there was no showing made in the district court of a nexus between the "acquired" firearm and interstate commerce. Second, the appellant maintains that no "acquisition" took place in this case in view of his undisputed actual ownership of the revolver at all pertinent times.

■■ The first point was settled adversely to the appellant by our decision in United States v. Nelson, 5 Cir. 1972, 458 F.2d 556, where we held that Section 922(a) (6) constitutionally applies to non-interstate transactions in firearms. In so ruling we distinguished the Supreme Court's ruling in United States v. Bass, 1971, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488, to the effect that a conviction obtained under Title 18, U.S.C., Section 1202(a) was valid only where a factual nexus had been established between interstate commerce and the receipt, possession or transportation of a firearm by a convicted felon.

Disposition of the second point is more involved. In United States v. White, 5 Cir. 1971, 451 F.2d 696, we held that one who makes a false statement in connection with the acquisition of a firearm is liable under Section 922(a) (6) regardless of whether he is the actual purchaser of the weapon. We commented with justification upon the legislative history of Section 922(a) (6) as follows:

"A search of the legislative history of the Federal Gun Control Act of 1968 of which Section 922(a) (6) is a part fails to shed any light on the interpretation of that section. The Congressional purpose in enacting this legislation is, however, clear. One goal sought by Congress was control over the ease with which criminals may acquire firearms." 451 F.2d at 699.

■ We reach the opinion that when Congress enacted Section 922(a) (6), it did not seek to extend the coverage of that section to the redemption of a firearm by its owner from a licensed dealer-pawnbroker. In so ruling, we are aware of the language appearing in Section 922(d) (1) forbidding licensed dealers "to sell or otherwise dispose of any firearm or ammunition" to convicted felons. It is entirely plausible that a redemption of a pledged firearm constitutes an "other disposition" within the purview of that section. We find ambiguity in the statute because it refers in Section 922(a) (6) to an "acquisition or attempted acquisition" in proscribing the conduct of the acquiring party, while speaking at the same time in Section 922(d) (1) in terms of a "sale or other disposition" from the perspective of the licensed dealer.

The words "other disposition" are clearly broader than "acquisition", which in its everyday connotation is of doubtful application to the redemption of a pledged article by one who had theretofore "acquired" the weapon by purchase, gift or inheritance.[3] As did the Supreme Court in *Bass*, supra, we feel compelled to resolve such a statutory ambiguity in favor of the defendant-appellant. The statute may not be applied to facts such as are here presented.

Because of the disposition reached as to the "acquisition" issue, it is unnecessary for us to consider the additional assignments of error advanced by the appellant.

Reversed and remanded with directions to dismiss the indictment.

---

3. Webster's New International Dictionary, Unabridged, 1966 Edition, defines "acquisition" as "the act or action of acquiring". "Acquire" is defined in pertinent part in this source as follows: "to come into possession, control, or power of disposal of, often by some uncertain or unspecified means".