UNITED STATES of America,

v.

James Duane ROSEN, Defendant.

Cr. No. 4-72-27.

United States District Court,
D. Idaho.

Jan. 16, 1973.

Sidney E. Smith, U. S. Atty., and Wilbur T. Nelson, Asst. U. S. Atty., for plaintiff.

Mark S. Geston, of Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Idaho, for defendant.

## MEMORANDUM DECISION AND ORDER

ANDERSON, District Judge.

This action involves a three count information filed against the defendant, James Duane Rosen. The first two counts concern an alleged violation of 18 U.S.C.A. § 924(a). In summary, that section forbids knowingly making a false statement with respect to information required to be kept by licensed dealers pursuant to Title 18, Chapter 44. Count I charges that the defendant pawned a certain .22 caliber pistol with Sam's Loan and Jewelry, Inc., a licensed dealer. That on or about November 22, 1971, the defendant returned to redeem his pistol and at that time filled out Treasury Form 4473 with a false statement, to wit: he answered "no" to a question asking him if he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year, when he knew he had been convicted of Assault with a Deadly Weapon in the Fifth Judicial District for the State of Idaho in December of 1969, a crime carrying a possible imprisonment penalty in excess of one year. Likewise, Count II of the information charges the same action with respect to the pawning and redemption of a 7.35 mm rifle at Sam's and supplying the same false information on or about February 2, 1972. Count III charges the defendant with

possession of a .38 caliber pistol unlawfully as a convicted felon in violation of 18 U.S.C.A. § 1202(a), Appendix. Presently before this Court is defendant's motion to dismiss Counts I and II of the information. Rule 12, F.R.Cr.Proc. For purposes of this motion all facts as alleged in the information will be assumed to be true.

Defendant's basic contention is that the redemption of a weapon out of pawn is not within the purview of 18 U.S.C.A. § 924(a). More specifically, that the provisions of §§ 921–928 (of the Gun Control Act of 1968) pertain only to the outright purchase of weapons and not to a redemption of the defendant's own weapons after pawn. The defendant suggests a designed intent by Congress for a bifurcation of functions by a pawnbroker. When a pawnbroker sells weapons (either those left unredeemed or new or used in a capacity of wholesaler or retailer), then he has the responsibility of issuing Form 4473 and a subsequent false statement would render the *purchaser* criminally liable. However, when the pawnbroker acts in his capacity of accepting weapons as pledges and later returning them after payment of the loan, he is not required to issue Form 4473 and a subsequent false statement thereon produces no criminal liability. As authority for such a proposition, defendant cites United States v. Laisure, 460 F.2d 709 (5th Cir. 1972). *Laisure* is factually on all fours with the case at bar. However, Laisure was charged with making a false statement in violation of § 922(a)(6), not under § 924(a) as is Rosen. Careful note must be made of the specific language in § 922(a)(6):

"It shall be unlawful—* * * for any person in connection with the *acquisition or attempted acquisition* of any firearm * * * from a * * * licensed dealer * * * knowingly to make a false or ficti-

tious * * * statement * * * (emphasis supplied)

The Court in *Laisure* held that § 922(a)(6) did not extend coverage to the redemption of a firearm by its owner from a licensed dealer (pawnbroker). The basis for the Court's holding was an ambiguity in the language within Section 922. 922(a)(6) speaks against "acquisition or attempted acquisition" while 922(d)(1) forbids the licensed dealer to "sell or otherwise dispose of" firearms to felons. While admitting that it was possible that Congress intended the pawnbroking situation as an "other disposition", the Court felt compelled to resolve the ambiguity in favor of the defendant.[1]

■ However, the Government in this action has chosen to proceed against the defendant under Section 924(a):

"Whoever * * * knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter * * * shall be fined" etc.

Nothing is said in Section 924(a) pertaining to the method by which a defendant secures a weapon, whether it be by "acquisition", gift, pledge redemption, theft or "other disposition". The holding in *Laisure* is, therefore, inapplicable since no ambiguity exists under the Section defendant has been charged with violating. The elements of a violation of § 924(a) are threefold: First, there must be a false statement or representation; secondly, it must be made knowingly; and finally, it must be made with respect to information required to be kept (under Title 18 U.S.C.A. Chapter 44) by a person licensed. Since the first two elements are admittedly true for purposes of this motion, it is only the third element which is troublesome.

---

1. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488, holding that ambiguities in criminal statutes should be resolved in favor of lenity. Citing

Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493, 497 (1971).

The sole issue is, therefore, whether or not a pawnbroker, acting only in a pledge capacity, is required to keep records, i. e., require and keep Form 4473 for a pledge redemption of weapons.

Section 923(g), in summary, states: "Each * * * licensed dealer * * * shall maintain such records * * * as the Secretary may by regulations prescribe." That Congress intended a pawnbroker to be a licensed dealer is not subject to dispute. Section 921(a)(11) defines dealer as:

"The term 'dealer' means (A) any person engaged in the business of selling firearms or ammunition at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) *any person who is a pawnbroker*. The term 'licensed dealer' means any dealer who is licensed under the provisions of this chapter." (emphasis supplied)

However, as the defendant points out, this doesn't answer the question of whether or not the pawnbroker must require and keep Form 4473 when acting solely in his pledge-redeeming capacity. The Secretary has promulgated certain regulations pursuant to his vested authority which are found in 26 CFR § 178.124.

"(a) A * * * licensed dealer shall not sell *or otherwise dispose,* temporarily or permanently, of any firearms to any person, other than another licensee * * * unless he records the transaction on a firearms transaction record, Form 4473: PROVIDED, that a firearms transaction record, Form 4473, shall not be required to record the *disposition* made of a firearm delivered to a licensee for the sole purpose of repair or customizing when such firearm is returned to the person from whom received." (emphasis supplied)

A broad reading of the above regulation would be that a licensed dealer must require completion of Form 4473 for any disposition except that by a licensee who does repair or customizing of weapons. However, that does not satisfactorily answer the defendant's argument, because regulation 26 CFR § 178.124, subsections (b) and (c) interchange various definitive terms such as "purchaser", "transferee" and "his", referring to the dealer. But the Congressional definition of pawnbroker under § 921(a)(12) further sheds light on the issue:

"The term 'pawnbroker' means any person whose business or occupation includes the taking or receiving, by way of pledge or pawn, of any firearm or ammunition as security for the payment or repayment of money."

That definition shows that Congress clearly knew in what capacity a pawnbroker could obtain firearms. But the real reason why the defendant's argument must fail comes from an analytical look at the definition of a "dealer" under Section 921(a)(11), supra. If Congress had been concerned only with licensing the pawnbroker when he acted in a possible selling capacity, and not in a pledge and redemption capacity, it would have been unnecessary and repetitive to specifically include him in the definition in part (C) since he would automatically be included in part (A) of the definition as "any person engaged in the business of selling firearms or ammunition at wholesale or retail". While an exhaustive search for authority reveals no case law precisely on point, at least one District Court decision deserves some attention. McLemore v. United States Treasury Department, 317 F.Supp. 1077 (1970), involved the revocation of a pawnbroker's license for failure to maintain proper records of *dispositions* of weapons in his *possession* in violation of 18 U.S.C. § 924(a) and 26 CFR § 178.124. In upholding the revocation of McLemore's license, the Court specifically made as one of its findings of fact that the pawnbroker had failed to issue Form 4473 on the date a certain weapon was redeemed out of pawn. This was held to be a violation of the

pawnbroker's duties. *McLemore* is, therefore, authority for duty on the pawnbroker's part with respect to alleged violations of § 924(a) by the defendant here. This Court then finds that Congress, in enacting § 924(a) and the related sections of the Gun Control Act of 1968, intended to deal with the pawnbroking situation in the precise manner Rosen has been charged.

While the Congressional comments on this precise point are lacking, it may be assumed rather safely that while pawnbrokering is a lawful business and does serve a useful function in our society, nevertheless, they are frequented by those persons interdicted by the Gun Control Act and are centers of gun traffic in our communities, and that, therefore, Congress did intend to shoot directly at the pawn-redemption situation.

■ Defendant has also raised two constitutional questions with respect to the application of § 924(a) to him which merit some discussion. The first of these is that he is denied his Fifth Amendment right against self-incrimination. The argument runs that if he answers "yes" to the question on Form 4473 asking him whether he has ever been convicted of a felony, then he is subject to charges under 18 U.S.C.A. App. § 1202(a) which, in short, makes it unlawful for a convicted felon to possess a weapon having some connection with interstate commerce. If he answers "no", as he did, then he is subject to charges under § 924(a). Had the defendant answered "yes" to the question and raised the defense he now attempts to raise to a § 1202(a) charge, the issue would be squarely in view. However, this Court is precluded from further consideration of the defense because of the well-established holding "that one who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." United States v. Knox, 396 U.S. 77, 79, 90 S.Ct. 363, 365, 24 L. Ed.2d 275, 279 (1969). Also Bryson v. United States, 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969) and Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

■ The second constitutional argument raised by the defendant is that the statute as applied to him deprives him of his property without due process of law in violation of his Fourth and Fourteenth Amendment rights. The gist of this argument is that if the defendant had answered "yes" to the question on Form 4473 or had failed to answer at all, then the pawnbroker would not have returned his weapons to him. For purposes of this decision, it will be assumed that title and ownership rights remain in the pawnholder and the pawnbroker merely has a security interest in the pawned guns.[2] Even assuming that the defendant is not precluded from raising this defense under the authority of *Knox, supra,* the argument is based in speculation and conjecture since there is no way to know what the pawnbroker would have done had the defendant completed Form 4473 truthfully or simply refused to answer it.[3] Secondly, the argument also assumes that the defendant has an actual right to the guns. This may or may not be true since it is possible that the defendant is in violation of 18 U.S.C.A. App. § 1202(a), possession of weapons by a convicted felon. And finally, the argument ignores the possible civil remedies the defendant may have been able to use to regain possession in the event he had refused to fill out Form 4473. All things considered, this Court cannot now speculate as to whether or not the defendant would have

2. 54 Am.Jur.2d Money Lenders and Pawnbrokers § 1 at 594. Also I.C. 28–9–305.

3. A pawnbroker may or may not deliver a weapon in violation of 18 U.S.C.A. § 922 (b) as indicated by the defendant. Subsection (b)(2) would appear to be the most applicable and in order for the pawnbroker to refuse to deliver a gun pledged he would have to know that possession by a convicted felon is in violation of a State or local law.

been denied possession of "his" weapons without due process of law had he chosen a different course.

It is ordered that defendant's motion to dismiss Counts I and II of the information be, and the same is hereby, denied.

