**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William C. HUDDLESTON, Defendant-Appellant.**

**No. 72–2779.**

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1973.

Certiorari Granted April 16, 1973. See 93 S.Ct. 1898.

Harvey I. Saferstein (argued), of Munger, Tolles, Hills & Rickershauser, Los Angeles, Cal., for defendant-appellant.

Lawrence W. Campbell, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted of three counts of making a false statement in connection with the acquisition of three firearms, under 18 U.S.C. § 922(a)(6) (1970), by redeeming them from a pawnbroker.

As to appellant's first contention, Congress intended to reach wholly intrastate transactions under the Firearms Act, on the theory that such transactions affect interstate commerce. United States v. Menna (9 Cir. 1971) 451 F.2d 982, 984, cert. denied, 405 U.S. 963, 92 S.Ct. 1170, 31 L.Ed.2d 238 (1972). We hold that the statute is constitutional.

Appellant next claims that the statutory term "acquisition" was not meant to reach redemption of firearms from a pawnbroker, and that its plain meaning is not broad enough to do so, citing the factually similar case of United States v. Laisure (5 Cir. 1971) 460 F.2d 709, 711–712. We decline to follow that case.

We hold that the term "acquisition" in 18 U.S.C. § 922(a)(6), when read together with the ensuing language prohibiting false statements "with respect to any fact material to the lawfulness of the *sale or other disposition* of such firearm," clearly and unambiguously defines an offense. The terms "acquisition" and "other disposition" are clearly correlatives. United States v. Beebe (10 Cir. 1972, 467 F.2d 222, 224.

The statutes were meant to and did prohibit false statements in connection with the redemption of firearms from a pawnbroker, who is a "dealer" under 18 U.S.C. § 921(a)(11)(C).

Appellant's other contentions have been considered, and they are without merit.

The judgment is affirmed.

CHAMBERS, Circuit Judge (concurring and dissenting):

I concur that the statute is constitutional as applied.

But what Huddleston did was reacquire. I do not believe that "reacquire" is necessarily included within "acquire." That seems to be a little too broad when we construe a criminal statute.