**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY LYNN TROUTT,

Defendant-Appellant.

No. 96-5235
(D.C. No. 96-CV-349-B)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Lynn Troutt, appearing pro se and proceeding in forma pauperis, requests a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We conclude he is not entitled to a certificate of appealability and dismiss the appeal.

Troutt was indicted by federal grand jury on March 5, 1993, of making a false statement to a federally licensed firearm dealer, 18 U.S.C. § 922(a)(6) (count 1), and receipt of firearm after prior felony conviction, 18 U.S.C. § 922(g) (count 2). He pleaded guilty to count 1 in exchange for the government's agreement to dismiss count 2, and was sentenced to sixty months' imprisonment and two years' supervised release. He did not pursue a direct appeal. Troutt filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on April 29, 1996. The district court denied the motion and subsequently denied his request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a § 2255 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(B). A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463

U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4.

Troutt raises various claims of ineffective assistance of counsel. To prevail on these claims, he must demonstrate counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was so prejudicial "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Troutt contends his counsel failed to advise him that redemption of a weapon from a pawnbroker did not constitute a violation of 18 U.S.C. § 922(a)(6), as charged in count 1, citing United States v. Laisure, 460 F.2d 709 (5th Cir. 1972). The fatal flaw in this argument is that the holding in Laisure was expressly rejected in Huddleston v. United States, 415 U.S. 814, 821-23 (1974).

Next, Troutt argues counsel wrongly advised him he would receive a reduction in sentence for acceptance of responsibility, and counsel failed to move for a six-level decrease in his base offense level based on the fact that the firearm

in question was only used for sporting purposes. Neither argument finds support in the record on appeal. The plea agreement signed by Troutt specifically states "[t]here are no agreements whatsoever as to what sentence Mr. Troutt will or should receive pursuant to this agreement," and "the sentence he receives for a conviction will remain within the total discretion of the trial court judge." Appendix I, tab 7, June 11, 1993, letter. In any event, the presentence report indicates Troutt was given a three-level reduction for acceptance of responsibility and for entering a timely plea. As for a reduction in sentence based on the firearm in question being used for sporting purposes, both Troutt and his counsel asked the district court to depart downward for that reason, but the district court exercised its discretion and refused to do so. There is no basis for Troutt's claims of ineffective assistance.

Troutt has also raised three substantive issues. He asserts he was denied the right to counsel during a pre-indictment interview by ATF agents in which he gave a signed statement acknowledging certain conduct which was later charged in the indictment. As the district court noted in rejecting this issue, Troutt did not raise this issue on direct appeal and he has failed to demonstrate sufficient cause and prejudice to excuse procedural default. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995) ("a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from

the error").  Even if we did reach the issue, we would agree that Troutt waived the issue by entering an unconditional plea of guilty to count 1 of the indictment.  See United States v. Robertson, 45 F.3d 1423, 1434 (10th Cir. 1995) ("entry of an unconditional guilty plea results in the waiver of all nonjurisdictional defenses").

Troutt also argues that, because the statutory maximum sentence for count 1 was below the guideline range proposed in the presentence report, he effectively received no credit for acceptance of responsibility and his sentence should have been reduced below the statutory maximum to take this factor into account.  Further, he argues his sentence should have been reduced because the firearm in question was used for a lawful sporting purpose.  We find no merit to either argument.  His guideline range was properly calculated at 70-87 months; however, as noted by the district court, he effectively received a 10-17 month downward departure "simply by virtue of the fact that the statute he was charged with limits the maximum punishment to 60 months."  Sentencing tr. at 5.

Finally, Troutt asserts both counts of the indictment were deficient because the firearm in question had not "recently, or in connection with the instant offense[s], moved in or effected commerce."  Appellant's br. at 12.  Troutt pleaded guilty to count 1, which charged him with violation 18 U.S.C. § 922(a)(6).  This subsection does not expressly require the government to prove the specific firearm in question traveled in commerce.  See United States v.

Lopez, 2 F.3d 1342, 1348 (5th Cir. 1993), aff'd 514 U.S. 549 (1995).

Nonetheless, § 922(a)(6) is constitutional because it "involv[es] the firearms business, as opposed to mere simple possession by any individual," and is "expressly tied to the dealer, manufacturer, or importer in question being federally licensed." Id. Whether or not the government would have been able to prove the requisite interstate nexus with respect to the charge in count 2 is irrelevant because that charge was dismissed pursuant to the plea agreement.

Troutt's application for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge