**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Lee CASSITY, Defendant-
Appellant.**

**No. 72–1484.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 4, 1972.

Decided Dec. 28, 1972.

Certiorari Denied April 23, 1973.
See 93 S.Ct. 1924.

**318**

Don H. Major, Mulhall, Major, Sharpe & Turner, Louisville, Ky., on brief for defendant-appellant.

James H. Barr, Louisville, Ky., for plaintiff-appellee; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

The defendant appeals his jury conviction for violation of 18 U.S.C. § 922 (a)(6)[1], the charge being that in connection with the purchase of a pistol he knowingly made a false statement that he had never been convicted of a felony. He makes three assignments of error,

and we have considered each of them carefully.

■ Appellant first contends that the District Court should have granted his motion for a directed verdict because the Government failed to allege and prove that the pistol in question had been moving in interstate commerce. Section 922 (a)(6) does not contain any reference to interstate commerce and a study of the legislative history of the statute indicates that it was the intention of Congress to reach all transactions with licensed dealers, intrastate as well as interstate. This section of the Firearms Act has been considered by several Circuits and we adopt the construction which holds that any transaction with a licensed dealer involving a violation of § 922(a)(6) itself affects interstate commerce and there is no requirement that the particular firearm in question be one which has moved in interstate commerce. United States v. Menna, 451 F.2d 982 (9th Cir. 1971), cert. denied 405 U.S. 963, 92 S.Ct. 1170, 31 L.Ed.2d 238 (1972); United States v. Crandall, 453 F.2d 1216 (1st Cir. 1972); United States v. Nelson, 458 F.2d 556 (5th Cir. 1972); Cody v. United States, 460 F.2d 34 (8th Cir. 1972).

■ Appellant also complains that the prosecution never produced the actual license of the dealer from whom he purchased the weapon, and that the "best evidence rule" required that it be produced. A Special Investigator with the Alcohol, Tobacco and Firearms Division of the U. S. Treasury Department testified, inter alia, that he had examined the Federal firearms license of the dealer and that it was current and proper for the type of business being conducted.

---

1. 18 U.S.C. § 922.  Unlawful acts
    (a) It shall be unlawful—
    *   *   *   *   *
        (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

There is no contention that the dealer was not in fact licensed, but the complaint is that oral testimony concerning the license should not be substituted for the license itself. Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Company, 137 F.2d 871 (6th Cir. 1943), is cited in support of this position. That was a civil action in which a private citizen testified to the contents of certain public records and it was held that the information should have been related by the custodian of the records. The testimony of Special Investigator Johnston whose duties included checking firearms licenses would seem to satisfy such a requirement.

The third issue presented for review was whether the Special Investigator should have been permitted to testify concerning the purchase of the gun since his knowledge was derived from an interview with the defendant while he was in custody for a charge which was later dismissed because it was based on an illegal search. The defendant had been arrested in Indiana on October 3, 1971 for carrying a concealed deadly weapon and was released on bail and he was subsequently charged with a violation of the statute which makes it an offense for one who has been convicted of a felony to knowingly receive or possess a firearm.[2] The pistol taken from him in connection with his Indiana arrest was the same one, the acquisition of which was the basis of the charge in the present case.

On October 29, 1971 Special Investigator Johnston interviewed Cassity, after a full *Miranda* warning and learned where the weapon had been purchased. Further investigation revealed the fact that the defendant had falsely answered one or more of the questions required to be answered in connection with such a purchase. Cassity maintains that the evidence which led the investigator to the dealer was initially tainted and that Johnston should not have been permitted to testify concerning the transaction between Cassity and the dealer. He relies principally on Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). In that case the Court condemned verbal evidence which derived *immediately* from an unlawful entry and unauthorized arrest (371 U.S. at page 485, 83 S.Ct. 407). However, with respect to statements made voluntarily following lawful arraignment and release on recognizance the connection between the lawless police activity and discovery of the challenged evidence had "become so attenuated as to dissipate the taint", citing Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307. We hold that the lapse of twenty-six days between defendant's arrest and the interview with the investigator, coupled with the Constitutionally mandated warning, was sufficient to remove the taint of illegal arrest and render the testimony of the witness competent.

It should be pointed out that the defendant failed to comply with Rule 41(e) of the Federal Rules of Criminal Procedure in that no motion to suppress the testimony of Johnston was made before the trial. It was first made in his motion for a new trial. While noting this fact, the District Court nevertheless considered the motion and denied it on its merits.

We find no error in this record and the judgment of the District Court is affirmed.

2. 18 U.S.C.App. § 1202(a).