**Ronald Lee CASSITY,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 74–1725.

United States Court of Appeals,
Sixth Circuit.

Aug. 27, 1975.

Don H. Major, Louisville, Ky., for petitioner-appellant.

George J. Long, U. S. Atty., James H. Barr, Richard A. Dennis, Asst. U. S. Attys., Louisville, Ky., Harry H. Ellis, Regional Counsel, Dale L. Cayot, Bureau of Alcohol, Tobacco & Firearms, Cincinnati, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and MILLER and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Ronald Lee Cassity was convicted in the United States District Court for the Western District of Kentucky of making a false and fictitious statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6)[1]. The indictment charged that Cassity had answered "no" to a question on Firearms Transaction Record Form 4473 concerning whether he had ever been convicted in any court of a crime punishable for a term exceeding one year, when in fact he had been convicted of breaking and entering to commit a felony in Indian River County Circuit Court, Vero Beach, Florida, on March 5, 1959. The 1959 conviction formed the basis for the charge that his denial of conviction was false.

In this present action brought under 28 U.S.C. § 2255, Cassity contends for the first time[2] that his Florida felony conviction resulted from a plea of guilty tendered without the assistance of counsel, in contravention of the Sixth and Fourteenth Amendments. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). He claims that under *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), such a conviction is void and cannot form the basis of a charge under § 922(a)(6). District Judge James Gordon denied the petition, holding *inter alia* that even if Cassity's Florida felony conviction was constitutionally defective, his § 922 conviction was unaffected because the prior conviction had not been adjudicated to

---

1. 18 U.S.C. § 922(a)(6) provides:

> (a) It shall be unlawful—
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

2. Cassity's conviction was affirmed on direct appeal, *United States v. Cassity,* 471 F.2d 317 (6th Cir. 1972), *cert. denied,* 411 U.S. 947, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973). Cassity did not raise the issue presented here on direct appeal. Judge Gordon decided Cassity's petition on the merits of the issue presented and the parties have not extensively briefed or argued at oral hearing the question of whether the particular issue presented is cognizable under § 2255. As we do not deem the question to be jurisdictional in nature, we do not reach it here. *Cf. Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), *Short v. United States,* 504 F.2d 63 (6th Cir. 1974).

be constitutionally invalid at the time the false answer was given.

We affirm. We conclude that Congress, in enacting § 922(a)(6), intended that a person convicted of a crime truthfully disclose that fact when purchasing a firearm, even if such conviction is later found to be constitutionally infirm, at least where the conviction has not prior thereto been declared invalid or otherwise set aside.

In enacting the gun control provisions of the Omnibus Crime Control and Safe Streets Act of 1968 [3], Congress was clearly concerned with limiting the availability of firearms to persons who Congress had reason to believe constituted a greater threat to the general welfare of the community than does the public generally. These persons included not only those already convicted of crime, but those under indictment, fugitives from justice, unlawful users of drugs and drug addicts, and those who have been adjudicated as mental defectives or who have been committed to any mental institution.

In *United States v. Liles,* 432 F.2d 18 (9th Cir. 1970), the defendant had been convicted in federal court of possession and transportation of heroin. While this conviction was being appealed and he was free on bond, Liles was arrested and indicted for possession of a revolver. He was convicted for violation of 18 U.S.C. App. § 1202 and subsequent to conviction, the Court of Appeals for the Fifth Circuit reversed his conviction on the heroin charges. In appealing his conviction under § 1202, Liles argued that Congress, in enacting Section 1202, intended only to punish for possession of firearms those persons whose convictions were sustained through the appellate process. In a thoughtful analysis of the intent of Congress in passing Section 1202, Judge Hufstedler concluded:

Title VII prohibits possession of firearms by anyone who "has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony." 18 U.S.C. app. § 1202(a)(1). Both the broad language of the statute and its legislative history impel us to the conclusion that Congress intended to subject to section 1202(a)(1) all persons, not within the classes expressly exempted: [1] (1) who have been convicted of a felony, and (2) whose convictions have not been invalidated as of the time the firearm is possessed. Congress did not intend to exempt from section 1202(a)(1) one whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred. (*Cf. DePugh v. United States* (8th Cir. 1968) 393 F.2d 367.) 432 F.2d at 20 (Footnote omitted)

Like the Eighth Circuit in *United States v. Williams,* 484 F.2d 428 (8th Cir. 1973), we think the logic of *Liles* is equally applicable to cases involving violations of 18 U.S.C. § 922(a)(6).

We recognize that a number of other circuit courts, in interpreting other sections of the gun control provisions of the 1968 Act or its predecessor, the Federal Firearms Act of 1938, have distinguished between prior convictions set aside on constitutional grounds and those set aside for less fundamental reasons. For example, in *Dameron v. United States,* 488 F.2d 724 (5th Cir. 1974), the court reversed a conviction under 18 U.S.C. § 922(g)(1) (interstate transportation of firearms by a convicted felon), where subsequent to the federal firearms conviction the state convictions upon which it was based were set aside in state proceedings as being void *ab initio,* the pleas of guilty having been tendered without assistance of counsel. As stated by the court in *Dameron:*

"We read the statute to prohibit the interstate transportation of firearms by those who have been *constitutionally* convicted of a felony." 488 F.2d at 727.

Indeed, the Ninth Circuit in *McHenry v. California,* 447 F.2d 470 (9th Cir.

**3.** Public Law 90–351.

1971), has inferred that *Liles, supra,* might be inapplicable where the prior felony upon which the federal firearms conviction is based is subsequently reversed on federal constitutional grounds. It is clear that the Ninth Circuit in *McHenry, supra,* felt that the holding in *Liles* should be applicable only as a statement of Congressional intent in enacting a portion of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968. It is unclear whether the court also sought to limit its application to cases where a conviction is subsequently reversed on other than federal constitutional grounds. This more narrow interpretation of *Liles* was adopted by the Seventh Circuit in *United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972), a case involving prosecution under 18 U.S.C.App. § 1202(a), possession of a firearm by a convicted felon.

However other sections of the Act might be construed in this circuit, we are satisfied that § 922(a)(6) compels disclosure of all convictions which have not been set aside, whether ultimately shown to have been valid or not. That section penalizes Cassity for making a false statement. It penalizes him not for being a convicted felon, but for failing to tell the truth about the conviction. We think it apparent from the language employed that Congress intended to provide a scheme of regulation by compelling full and honest disclosure. The section applies not merely to convicted felons, but to "any person" and broadly forbids "any false or fictitious . . . statement . . . intended or likely to deceive . . . with respect to any fact material to the lawfulness of the sale . . . ." We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances.

We conclude, as did Judge Gordon, that the careful statutory scheme of gun control Congress has provided would be seriously jeopardized if a person convicted of a felony could, when purchasing a firearm, make the statement that he had never been convicted of such felony based upon his own subjective belief that his conviction was constitutionally defective where such conviction had not prior thereto been set aside. We reject petitioner's contention that this interpretation of Congressional intent in enacting § 922(a)(6) permits ". . . a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . ." *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

The judgment of the district court is affirmed.