**UNITED STATES of America**

v.

**Elijah M. SEIDENBERG.**

**Crim. No. K–76–0266.**

United States District Court, D. Maryland.

Aug. 27, 1976.

Jervis S. Finney, U. S. Atty. and Robert A. Rohrbaugh, Asst. U. S. Atty., Baltimore, Md., for the United States.

Charles G. Bernstein, Federal Public Defender and Michael Schatzow, Asst. Federal Public Defender, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge:

The 14-count indictment in this case relates to alleged offenses under 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 922(h)(4). Prior hereto, the Government has dismissed those counts of the indictment which pertain to the latter section of the statute.[1] Section 922(h)(4) makes it unlawful for any person, who has been adjudicated as a mental defective or has been committed to any mental institution, to receive any firearm which has been shipped or transported in interstate commerce. Section 922(a)(6) makes it unlawful for any person, in connection with the acquisition of a firearm from a licensed dealer, knowingly to make any false statement with respect to any fact material to the lawfulness of the sale.

Defendant has filed a number of motions, including a motion to dismiss the counts of the indictment brought under section 922(a)(6) based upon the alleged invalidity of a prior commitment of the defendant to a mental institution. Each of the 922(a)(6) counts charge that when the defendant, on the six separate dates referred to in the six 922(a)(6) counts, acquired firearms from federally licensed dealers, he knowingly made a false and fictitious statement likely to deceive such dealer with respect to a material fact as to the lawfulness of the sale, by signing a sworn statement that he had never been adjudicated mentally defective nor had been committed to a mental institution. Those counts further allege that at the times the defendant signed such sworn statements, he knew that he had been committed in 1962 to the Spring Grove Mental Institution. That institution is a hospital operated by the State of Maryland.

The defendant contends that his commitment to the Spring Grove Mental Institution in 1962 was unconstitutional and that, therefore, such commitment must be treated as nonexistent for purposes of any alleged violations of section 922(a)(6).[2]

In *United States v. Mason,* 68 F.R.D. 619 (D.Md.1975), this Court, after expressing the view that a prior unconstitutional conviction cannot support a conviction under 18 U.S.C. App. § 1202(a)(1), prohibiting receipt, possession, or transportation in commerce of a firearm by a person who has been previously convicted of a felony, noted that a different status might well be accorded

---

1. Accordingly, only those counts of the indictment which relate to section 922(a)(6), namely, counts 1, 4, 6, 8, 10 and 12, are presently before this Court.

2. The defendant's contention with regard to the invalidity of his said commitment is based upon a number of grounds, including absence of procedural due process in violation of the Fourteenth Amendment to the federal Constitution.

such a prior conviction for purposes of section 922(a)(6). In that connection, this Court further noted that a prior conviction is an essential element of the offense established by section 1202(a)(1), whereas under section 922(a)(6), the core of the offense is the making of a false statement about a prior conviction, and that such a statement might well be deemed false even if subsequent to the making of the statement the prior conviction should be determined to be constitutionally invalid.

In *United States v. Graves*, (3d Cir. April 15, 1976), and in *United States v. Pricepaul*, 540 F.2d 417 (9th Cir. 1976), convictions under section 922(a)(6) were invalidated because of the constitutional invalidity of the prior convictions. However, in both of those cases, convictions under section 1202(a)(1) were also involved. There is no indication in the opinions in those two cases of any consideration of the possible difference between the status of a prior conviction under section 922(a)(6) as opposed to the status of a prior conviction under section 1202(a)(1). However, such a difference is recognized and seemingly relied upon by the Sixth Circuit in *Cassity v. United States*, 521 F.2d 1320 (6th Cir. 1975).[3] Therein, Judge Engel referred to, as did this Court in *Mason*, the statement of Judge Roney in *Dameron v. United States*, 488 F.2d 724, 727 (5th Cir. 1974), that, with regard to 18 U.S.C. § 922(g)(1), which makes unlawful interstate transportation of a firearm by any person previously convicted of a felony, such statute prohibits only interstate transportation "by those who have been *constitutionally* convicted of a felony." (Emphasis in original.) *Cassity, supra* at 1322. After so referring to *Dameron,* Judge Engel wrote (at 1323):

> However other sections of the Act might be construed in this circuit, we are satisfied that § 922(a)(6) compels disclo-

sure of all convictions which have not been set aside, whether ultimately shown to have been valid or not. That section penalizes *Cassity* for making a false statement. It penalizes him not for being a convicted felon, but for failing to tell the truth about the conviction. We think it apparent from the language employed that Congress intended to provide a scheme of regulation by compelling full and honest disclosure. The section applies not merely to convicted felons, but to "any person" and broadly forbids "any false or fictitious . . . statement . . . intended or likely to deceive . . . with respect to any fact material to the lawfulness of the sale . . ." We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances.

We conclude, as did Judge Gordon,[4] that the careful statutory scheme of gun control Congress has provided would be seriously jeopardized if a person convicted of a felony could, when purchasing a firearm, make the statement that he had never been convicted of such felony based upon his own subjective belief that his conviction was constitutionally defective where such conviction had not prior thereto been set aside. We reject petitioner's contention that this interpretation of Congressional intent in enacting § 922(a)(6) permits ". . . a conviction obtained in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] to be used against a person either to support guilt or enhance punishment for another offense . . ."

---

**3.** There is no reference or citation to *Cassity* in either *Graves* or *Pricepaul. Pricepaul* and other cases cited in it distinguish between a prior conviction whose invalidity is based upon constitutional grounds and a prior conviction whose invalidity is based on non-constitutional

grounds. Herein that distinction is not relevant. *See* n. 2, *supra.*

**4.** *United States v. Graves,* 394 F.Supp. 429 (W.D.Pa.1975).

*Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). [Emphasis supplied.]

Recently, in *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 503, 46 L.Ed.2d 450, 457 (1976), Mr. Justice Blackmun wrote, in the course of determining the extent of interstate commerce required by 18 U.S.C. § 922(h), a provision of the Gun Control Act of 1968 which statute also includes section 922(a)(6):

> The history of the 1968 Act reflects a similar concern with keeping firearms out of the hands of categories of potentially irresponsible persons, including convicted felons. Its broadly stated principal purpose was "to make it possible keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency." S.Rep.No.1501, 90th Cong., 2d Sess., 22 (1968). See also 114 Cong.Rec. 13219 (1968) (remarks by Sen. Tydings); *Huddleston v. United States,* 415 U.S. [814], at 824–825, 94 S.Ct. [1262], at 1268–1269 [39 L.Ed.2d 782]. Congressman Celler, the House Manager, expressed the same concern: "This bill seeks to maximize the possibility of keeping firearms out of the hands of such persons." 114 Cong.Rec. 21784 (1968); *Huddleston v. United States,* 415 U.S., at 828, 94 S.Ct. [1262], at 1270 [39 L.Ed.2d 782]. * * *

While the question under consideration herein is certainly not free from doubt, this Court is persuaded by the view of the Sixth Circuit in *Cassity* and concludes that the purpose of section 922(a)(6) is furthered by the construction which the Sixth Circuit adhered to in its said opinion.[5] Accordingly, the motion to dismiss the indictment upon the ground discussed in this opinion will be denied.

---

5. There are overtones and indications in *Graves, Dameron,* and other cases suggesting that for constitutional reasons, regardless of statutory construction, a prior constitutionally invalid conviction may not be used to support a later conviction under the firearms laws. For example, in *Dameron,* 488 F.2d *supra* at 727 n. 4, *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) is cited for the proposition that "*Gideon* violative convictions cannot be used either to support guilt or to enhance punishment under a recidivist statute * *." That reference is to Mr. Justice Douglas' statement in *Burgett* (at 115, 88 S.Ct. at 262) that "[t]o permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case." In *Cassity,* in the last sentence quoted *supra* in the body of this opinion, Judge Engel has rejected that contention. There is a difference between a per-

son violating an injunction which is subsequently challenged by him and held to be invalid, *see* the discussion in *Pasadena City Board of Education v. Spangler,* —— U.S. ——, at —— ——, 96 S.Ct. 2697, at 2706, 49 L.Ed.2d 599 (1976) and *Mays v. Harris,* 523 F.2d 1258 (4th Cir. 1975), and a person stating he has not been convicted of a felony or has not been committed, when at the time he makes the statement the validity of the felony or of the commitment has not been challenged. In the first instance a court order is violated. In the second instance it is not. Yet, if an unconstitutional court order may not be ignored, there would seem no constitutional barrier to the Congress requiring that a person list all prior commitments and all prior felony convictions, whether or not they are constitutionally valid, until such person takes steps to have any such invalid commitment or invalid conviction appropriately determined to be invalid.