**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy WIGGAN, Defendant-Appellant.**

No. 80–1722.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1982.

Decided March 9, 1982.

Certiorari Denied June 1, 1982. See 102 S.Ct. 2306.

**146**

Thomas V. Wilhelm, Walter Pookrum, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Keith Norman, Detroit, Mich., for plaintiff-appellee.

Before MARTIN, Circuit Judge, and WEICK and CELEBREZZE, Senior Circuit Judges.

PER CURIAM.

Roy Wiggan was convicted by a jury of making a false statement with respect to a material fact on an immigration form in an effort to enter the United States, in violation of 18 U.S.C. § 1546. The indictment charged that Wiggan had answered "no" to a question asking whether Wiggan had ever been arrested and deported from the United States as an illegal alien, when in fact Wiggan had been deported several years prior to his application for an immigration visa. The 1976 deportation formed the basis for the charge that Wiggan's denial of deportation was false.

The indictment also charged that Wiggan had illegally reentered the country as a deported alien in violation of 8 U.S.C. § 1326. Wiggan filed a motion on July 9, 1980 collaterally attacking his 1976 deportation as a denial of due process. After a hearing on the validity of Wiggan's deportation proceedings, the District Court concluded that Wiggan had not been afforded due process. Accordingly, Count One of the indictment was dismissed because the underlying deportation was unconstitutional. The District Court denied Wiggan's request to dismiss the false statement count, and allowed the government to refer to the prior deportation in its case in chief. Wiggan was convicted after trial.

He now appeals, contending that the false statement count should have been dismissed, and evidence of the invalid deportation suppressed. Wiggan argues that due process prohibits use of an invalid deportation as the basis of a false statement conviction under section 1546. Wiggan relies on *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), to support his theory that an unconstitutional deportation cannot be used to establish another offense.

■ We disagree. The District Court denied Wiggan's motion to dismiss, reasoning that:

> [T]he test is did the defendant knowingly and willfully make under oath and subscribe as true a false statement with respect to a material fact in an application for immigration visa and alien registra-

tion on or about December 20, 1976 and not September 3, 1980.

We think this analysis is correct. The relevant inquiry is whether Wiggan lied under oath on his visa application about a material fact that existed on the date he filled out the application. On the date that Wiggan answered falsely, the deportation proceedings had not yet been adjudicated to be invalid.

We agreed with the District Court that Congress, in enacting the false statement provision, intended an application for a visa "to attest with honesty and truthfulness to the facts as known by (the applicant) on the date and at the time that the document was executed." Strong policy reasons support this interpretation of section 1546. As this court stated in a case involving an analogous false statement statute, such a provision penalizes a person for failing to tell the truth, not for the status of being a convicted felon, or in this case, a deported alien. *Cassity v. United States*, 521 F.2d 1320 (6th Cir. 1975). *See also United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976). The Congressional policy promoted by section 1546 is full and honest disclosure about facts deemed relevant to immigration proceedings.

In our view, this section compels honest disclosure about all deportations which have not yet been set aside, regardless of whether they are ultimately invalidated. As the District Court correctly noted, to hold otherwise would be an open encouragement for an applicant to conceal facts about deportations, on the off chance that false statements will not be exposed.

We find no merit in Wiggan's other contentions. Accordingly, we affirm the judgment of the District Court.