UNITED STATES of America, Appellee,

v.

James CODY, Sr., Appellant.

No. 83–1034.

United States Court of Appeals, Eighth Circuit.

March 16, 1983.

---

Thomas E. Dittmeier, U.S. Atty., Pamela H. Bucy, Asst. U.S. Atty., St. Louis, Mo., for appellee.

James Cody, Sr., pro se.

Joseph Langworthy, Pacific, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

compel defense counsel to move for a mistrial.

**148**

PER CURIAM.

James Cody, Sr. appeals pro se from the district court's[1] dismissal of his motion to set aside his conviction. We affirm.

Appellant was convicted in 1971 of making false statements to a licensed firearms dealer in connection with the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924. Appellant had certified to a firearms dealer that he had never been convicted of a felony when in fact he had been convicted in 1964 on state felony charges in Washington County, Missouri, and had served a prison sentence. Appellant's federal firearms conviction was affirmed on appeal. *See Cody v. United States,* 460 F.2d 34 (8th Cir.), *cert. denied,* 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 303 (1972).

On August 13, 1982, appellant wrote a letter to the district court requesting that his federal conviction be set aside because the Circuit Court of Washington County, Missouri, had entered an order expunging the records of his state conviction. Appellant argued that because the state conviction underlying the federal conviction no longer existed, the federal conviction could not stand.

We believe the district court correctly dismissed the case. Appellant's federal firearms conviction was "not for being a convicted felon, but for failing to tell the truth about the conviction." *United States v. Edwards,* 568 F.2d 68, 70–71 (8th Cir. 1977), *citing Cassity v. United States,* 521 F.2d 1320, 1323 (6th Cir.1975). The fact that a state court ordered appellant's state felony conviction expunged from his record subsequent to his federal conviction does not affect the federal conviction. *See Dickerson v. New Banner Institute, Inc.,* —— U.S. ——, —— – ——, 103 S.Ct. 986, 992–995, 74 L.Ed.2d 845 (1983) (expunction of state conviction does not automatically remove federal firearms disability); *United States v. Williams,* 484 F.2d 428, 429 (8th Cir.1973) (upholding federal firearms con-

viction even though state court reversed underlying felony charge subsequent to federal conviction); *see also United States v. Cody,* 529 F.2d 564 (8th Cir.1976) (technical deficiency in state felony judgment rendering judgment void not grounds for upsetting federal firearms conviction).

Accordingly, we affirm.

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.