2023 IL App (4th) 220387

NO. 4-22-0387

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| MAX D. MATIALA, | ) | No. 21CF112 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Richard H. Gambrell, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Justices Harris and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1 As a matter of federal law, defendant Max D. Matiala was ineligible to purchase a firearm due to the pendency of two felony charges against him. Nevertheless, he attempted to purchase a firearm from a retailer and falsely certified on a federal form that he had no such pending felonies. Defendant's conduct exposed himself to potential criminal liability under both federal and Illinois firearm control statutes, but he was not charged with any such offense. The only charges brought against defendant were for violations of Illinois's perjury statute for making the false statements on the federal form.

¶ 2 The narrow question presented here is whether a knowingly false statement on Form 4473, promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as

a prerequisite to obtaining a firearm is sufficient to support a conviction for perjury under Illinois law where the form only requires the applicant to "certify" the truth of the responses. We find that it does not, and we therefore reverse outright defendant's conviction.

¶ 3                                    I. BACKGROUND

¶ 4        At defendant's jury trial, the parties stipulated defendant had previously been charged in a two-count information with felony offenses in Knox County case No. 20-CF-681. They further stipulated that defendant appeared in court on those matters on December 3, 2020, for a detention hearing and was admonished on the nature of the charges. He appeared in court on the same charges again on December 15, 2020, where the trial court found probable cause to believe defendant committed the offenses and continued the matter for a jury trial.

¶ 5        On December 20, 2020, defendant went to a local Farm King, a retailer engaged in the sale of firearms, to purchase a Mossberg MC1 9-millimeter pistol. Staff at the store directed defendant to fill out the required paperwork, including ATF Form 4473. In doing so, defendant answered a series of questions in section B of the form. Question 21.b. asked, "Are you under indictment or information in any court for a felony?" Defendant responded, "No." Above the signature line for section B of the form, the following admonishment was printed:

> "I certify that my answers in Section B are true, correct, and complete. ***
>
> I understand that a person who answers 'yes' to any of the questions 21.b. through 21.k. is prohibited from receiving or possessing a firearm. *** I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law."

Defendant signed and dated below the admonishment.

¶ 6      The State charged defendant with two counts of perjury (720 ILCS 5/32-2 (West 2020)). Of relevance here, count I charged that defendant made a false, material statement when by law an oath or affirmation was required by answering "No" to the question, "Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year?" while completing ATF Form 4473, which was required for defendant to purchase a firearm.

¶ 7      Following presentation of the State's case, defendant moved for a directed verdict; he argued that neither an oath nor an affirmation was required by law when filling out the form. The State countered that *People v. Barrios*, 114 Ill. 2d 265 (1986), supported the argument that defendant made a false statement where an oath or affirmation was required by law. Defendant argued *Barrios* was distinguishable as the form in that matter required an individual to "affirm" the information was true as required by the perjury statute (*id.* at 270-71), where the form in this case required defendant to "certify" his responses. The trial court denied defendant's motion, finding *Barrios* on point.

¶ 8      During the jury instruction conference, the trial court announced it would be giving jury instruction 22.01B (Illinois Pattern Jury Instructions, Criminal, No. 22.01B (approved Dec. 8, 2011)) over defendant's objection. The jury instruction read, "In the matter in question, an oath or affirmation was required." *Id.*

¶ 9      Following deliberations, the jury found defendant guilty of perjury as charged in count I, and the trial court imposed a sentence of 180 days in jail with credit for time served and 2 years of conditional discharge.

¶ 10      This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant does not dispute that he provided false information by certifying on ATF Form 4473 that he was not facing charges for a felony offense when attempting to purchase a firearm; he stipulated as much at trial. Rather, he argues that his conviction for perjury must be reversed where the trial court erred in finding that an oath or affirmation was required by law when ATF Form 4473 only requires an individual to "certify" his answers are true. Accordingly, the question on appeal is whether ATF Form 4473 is required by law to be completed under oath or affirmation as contemplated by state statute. This is a question of first impression in Illinois, presenting a pure question of law subject to *de novo* review. *People v. Jones*, 2021 IL 126432, ¶ 14; *People v. Dyer*, 51 Ill. App. 3d 731, 734 (1977).

¶ 13        In Illinois, "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law the oath or affirmation is required, he or she makes a false statement, material to the issue or point in question, knowing the statement is false." 720 ILCS 5/32-2(a) (West 2020). "The oath is 'required by law' if the statement must be sworn to before it can be used for the legal purpose intended." *People v. Watson*, 85 Ill. App. 3d 649, 652 (1980) (citing 70 C.J.S. *Perjury* § 20(a) (1951)).

¶ 14        An "oath" is commonly understood to be a solemn declaration, accompanied by a swearing to a higher power, revered person, or other thing of importance, that an individual's oral or written statement is true. 58 Am. Jur. 2d *Oath and Affirmation* § 1 (Feb. 2023 Update). Our supreme court has defined an oath as " ' "any form of attestation by which a person signifies that he or she is bound in conscience to perform an act faithfully and truthfully." ' " *People v. Moon*, 2022 IL 125959, ¶ 51 (quoting *Weydert Homes, Inc. v. Kammes*, 395 Ill. App. 3d 512, 518 (2009), quoting 58 Am. Jur. 2d *Oath and Affirmation* § 3 (2009)).

- 4 -

¶ 15 The Oaths and Affirmations Act explains that, when an individual harbors "conscientious scruples" against swearing to a higher power, the individual shall, in the place of an oath:

"make his solemn affirmation or declaration in the following form to-wit: You do solemnly, sincerely and truly declare and affirm. Which solemn affirmation or declaration shall be equally valid as if such person had taken an oath in the usual form; and every person guilty of falsely and corruptly declaring, as aforesaid, shall incur and suffer the like pains and penalties as are or shall be inflicted on persons convicted of willful and corrupt perjury." 5 ILCS 255/4 (West 2020).

¶ 16 An "affirmation" has been further defined as:

"A solemn pledge equivalent to an oath but without reference to a supreme being or to swearing; a solemn declaration made under penalty of perjury, but without an oath. [Citation.] While an oath is 'sworn to,' an affirmation is merely 'affirmed,' but either type of pledge may subject the person making it to the penalties for perjury." Black's Law Dictionary (11th ed. 2019).

¶ 17 The two terms, "oath" and "affirmation," while distinct in their reference or lack thereof to a deity or other thing, are identical and interchangeable in that they are a "subscription to the truth of that to which it is made." *Spradling v. Hutchinson*, 253 S.E.2d 371, 373 (W. Va. 1979) (citing *In re Petition for Removal of Rice*, 35 Ill. App. 2d 79 (1962)). Moreover, section 1.12 of the Statute on Statutes (5 ILCS 70/1.12 (West 2020)) provides, "The word 'oath' shall be

deemed to include an affirmation, and the word 'sworn' shall be construed to include the word 'affirmed.' "

¶ 18        Here, the trial court found *Barrios* controlled the determination of whether an oath or affirmation was required when completing the form. In *Barrios*, the defendant was convicted of providing false information on a driver's license application. *Barrios*, 114 Ill. 2d at 268. The defendant knowingly and falsely answered "No" when asked whether his driver's license or privilege to obtain a license was revoked. *Id.* at 270. Directly above the application signature line, the form read, " 'I HEREBY AFFIRM THAT THE INFORMATION I HAVE FURNISHED *** IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.' " *Id.* at 270-71. On appeal, the court affirmed, finding, "The record properly shows that the defendant's license and privilege to obtain a license were revoked at the time of application, and that the defendant knew of that revocation." *Id.* at 273.

¶ 19        *Barrios* is of minimal assistance in this matter, as the admonishment on the application in that case required the defendant to "affirm" his answers were true, language that the perjury statute explicitly references as the type of statement that can give rise to criminal liability. Here, however, the written statement signed by defendant was not affirmed, but "certif[ied]." Our perjury statute references both "oath" and "affirmation," but it does not explicitly extend to certifications. We are aware of only one statutory provision which equates a certification with an oath or affirmation: section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2020)). However, while that statute provides that signatures executed pursuant to its provision are equivalent to a statement under oath, the State does not argue that the document signed by defendant satisfies the requirements of a section 1-109 certification.

¶ 20 Rather, the State cites numerous cases from other jurisdictions suggesting that ATF Form 4473 is sworn or made under oath. But these cases are hardly helpful when they make such statements as conclusions, without analysis, sometimes in the section of the opinion summarizing the facts. In *United States v. Reese*, 745 F.3d 1075, 1078 (10th Cir. 2014), the court, in the "General Background" section of its opinion, refers to the ATF Form 4473 certification statement as an "oath," but the form itself never uses that word. Similarly, in *City of New York v. A-1 Jewelry & Pawn, Inc.*, 501 F. Supp. 2d 369, 381 (E.D.N.Y. 2007), the court states that a purchaser completing ATF Form 4473 must "affirm" the truth of the statements made, but again the form never uses the word "affirm." The United States Supreme Court has referred to a defendant "falsely affirming" his answers on ATF Form 4473, but this isolated reference in summarizing the grand jury indictment in the case reveals no attempt at a formal definition that would correlate with the "affirm[ance]" referenced in the Illinois perjury statute. *Abramski v. United States*, 573 U.S. 169, 175 (2014). Indeed, once engaged in analysis of the legal question presented, the Court only referred to the "certification" on the form. *Id.* at 174-75.

¶ 21 The final federal case relied upon by the State is *United States v. Seidenberg*, 420 F. Supp. 695, 696 (D. Md. 1976), which refers to the ATF Form 4473 certification as a "sworn statement" but fails to explain how it reached this conclusion. A Texas case also relied on by the State suffers from the same deficiency. See *In re Academy, Ltd.*, 625 S.W.3d 19 (Tex. 2021). Perhaps, more fundamentally, it is a leap to assume that what may be understood as a "sworn statement" in some other jurisdiction necessarily constitutes a statement "under oath or affirmation" within the meaning of the Illinois perjury statute. We note that the broad provisions of the federal perjury statute apply explicitly to oaths, declarations, depositions, and *certifications*;

indeed, it applies to any "statement under penalty of perjury." 18 U.S.C. § 1621 (2018). The Illinois perjury statute is far narrower.

¶ 22    Another case relied on by the State rests its analysis not on the words actually used in ATF Form 4473, but the governing statute and the purposes which the form was designed to fulfill. In *Martinez v. Taurus International Manufacturing, Inc.*, 251 So. 3d 328, 331 (Fla. Dist. Ct. App. 2018), the court noted that "18 U.S.C. § 922 *** requires all handgun purchasers to answer, under oath, certain specific questions." Again, the word "oath" does not appear in the cited statute, but the closely related word "swear" does. See 18 U.S.C. § 922(c) (2018). A review of that section, the implementing regulation (27 C.F.R. § 478.124(f) (2012)), and ATF guidance on the transactions covered by section 922(c) reveals that the sworn statement referenced and required is not on ATF Form 4473 and is instead the subject of a separate form; more importantly, the form is not required for an in-person transaction as attempted by defendant. See U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives, ATF Proc. 2020-1: Recordkeeping Procedure for Non-Over-the-Counter Firearm Sales by Licensees to Unlicensed In-State Residents That Are NICS Exempt (Sept. 3, 2020) https://www.atf.gov/file/148156/download [https://perma.cc/7GFB-38VW]. Regardless of the original intention for the form called for by this statutory provision, ATF Form 4473 itself does not use the word "swear."

¶ 23    We reiterate that defendant's actions could have been the subject of other criminal charges. He could have been federally charged under the penal section of the Gun Control Act of 1968, as amended (18 U.S.C. § 924(a)(1)(A) (2018)) or the federal perjury statute (*id.* § 1621). He might likewise have been charged with unlawful purchase of a firearm pursuant to Illinois law (720 ILCS 5/24-3.5(c) (West 2020)). Instead, the only charges brought against him were under

Illinois's perjury statute. As noted above, the evidence here does not support such a charge because the form was not required to be signed under oath or affirmation.

¶ 24                                    III. CONCLUSION

¶ 25          For the reasons stated above, we find that the trial court erred in finding that an oath or affirmation was required by law when certifying the answers on ATF Form 4473. Consequently, the evidence below was insufficient to support defendant's perjury conviction, and we therefore reverse the court's judgment.

¶ 26          Reversed.